**Edwin C. WEST, Petitioner,**

v.

**Phil MACHT and Brigitte Oelke, Respondents.**

**No. 97–C–756–C.**

United States District Court, W.D. Wisconsin.

Dec. 16, 1997.

**1142**

Charles D. Hoornstra, Asst. Atty. General, Madison, WI, for Respondent.

Erwin C. West, W.R.C., Winnebago, WI, for Petitioner.

## ORDER

CRABB, District Judge.

■ This is a proposed civil action for declaratory and injunctive relief, brought pursuant to 42 U.S.C. § 1983. Petitioner is presently confined at the Wisconsin Resource Center in Winnebago, Wisconsin, pursuant to Wisconsin's sexual predator law, Wis.Stat. ch. 980. He seeks leave to proceed without prepayment of fees and costs or providing security for such fees and costs, under 28 U.S.C. § 1915. In an order dated November 18, 1997, I stayed a decision on petitioner's request for leave to proceed *in forma pauperis,* pending a determination whether the prisoner provisions of 28 U.S.C. § 1915 and 42 U.S.C. § 1997e, both part of the Prison Litigation Reform Act, apply to individuals detained under Wis.Stat. ch. 980. I invited the State of Wisconsin to submit a brief on the matter and directed petitioner to submit further documentation of his detention. Both parties complied promptly.

### A. *Applicability of PLRA*

Signed into law in 1996, the Prison Litigation Reform Act amended several statutory provisions, including 28 U.S.C. § 1915 and 42 U.S.C. § 1997e, heightening restrictions on lawsuits filed by prisoners. 28 U.S.C. § 1915(h) defines "prisoner" for the purposes of the PLRA to mean "any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program." An identical definition is found at 42 U.S.C. § 1997e(h). Both petitioner and the State of Wisconsin take the position that individuals detained under Chapter 980 are not covered by this definition. Chapter 980 authorizes "the civil commitment of persons, previously convicted of a sexually violent offense, who currently suffer from a mental disorder that predisposes them to repeat such acts." *State v. Post,* 197 Wis.2d 279, 294, 541 N.W.2d 115, 118 (1995). The Wisconsin Supreme Court has held that detention under Chapter 980 is neither a criminal punishment nor punitive in nature. *State v. Carpenter,* 197 Wis.2d 252, 255–68, 541 N.W.2d 105, 110–11 (1995).

Read broadly, the language of 28 U.S.C. § 1915(h) could be interpreted to cover Chapter 980 detainees, all of whom are currently incarcerated and have been convicted

of violations of criminal law. However, the Court of Appeals for the Fifth Circuit has interpreted the statutory definition of prisoner as covering only individuals whose *current* detentions serve as punishment for one of the legal violations specified in the statute. *Ojo v. Immigration and Naturalization Service,* 106 F.3d 680, 682 (5th Cir.1997). In *Ojo,* the only published decision interpreting this aspect of § 1915(h), the court of appeals held that the definition of prisoner did not cover an immigrant who had been released from prison at the expiration of his criminal sentence to the custody of the Immigration and Naturalization Service, where deportation proceedings were initiated. *Id.* The court emphasized that Ojo's current INS detention was for an immigration violation, not a criminal act, thus taking him outside the coverage of the PLRA. *Id* .

The Fifth Circuit's interpretation of the PLRA's definition of prisoner is consistent with both the language of the statute and the purpose of the act. Petitioner's status as a detainee under Chapter 980 is factually similar to the status of the INS detainee in *Ojo.* Although petitioner has been convicted of a criminal violation, his current detention is not part of the punishment for that crime but is instead a civil commitment imposed because of a judicial determination that his is a sexually violent person under Wisconsin law. Accordingly, I agree with petitioner and the State of Wisconsin that petitioner is not a "prisoner" as defined by 28 U.S .C. § 1915(h) and 42 U.S.C. § 1997e(h).

## B. *Request for Leave to Proceed In Forma Pauperis*

 I turn now to petitioner's request for leave to proceed *in forma pauperis.* From the affidavit of indigency accompanying petitioner's proposed complaint, I conclude that petitioner is unable to prepay the fees and costs of instituting this lawsuit. In addressing any pro se litigant's complaint, the court must construe the complaint liberally, *Haines v. Kerner,* 404 U.S. 519, 521, 92 S.Ct. 594, 596, 30 L.Ed.2d 652 (1972). Because petitioner is not a prisoner, leave to proceed will be granted if there is an arguable basis for his claim in fact and law. *Neitzke v. Williams,* 490 U.S. 319, 325, 109 S.Ct. 1827, 1831, 104 L.Ed.2d 338 (1989). In his complaint, petitioner makes the following allegations of fact.

### 1. *Allegations of fact*

Petitioner Edwin West is a patient confined at the Wisconsin Resource Center in Winnebago, Wisconsin. Respondent Brigette Oelke is an account manager at the Wisconsin Resource Center and respondent Phil Macht is the director. On January 21, 1997, petitioner was released from the Department of Corrections and placed at the Wisconsin Resource Center pursuant to a petition filed under Wis.Stat. ch. 980. In February, petitioner submitted a disbursement request, seeking to transfer his release savings from the Department of Corrections to his patient account. On March 19, 1997, respondent Oelke returned petitioner's disbursement request, stating that the transfer was not allowed under Wis.Admin.Code. §§ DOC 309.466(2) and 309.49(5). Later that month, respondent Oelke informed petitioner that all other similarly situated patients had received their release money but that petitioner would not get his. Petitioner filed a complaint regarding his requested transfer of release savings; the complaint was denied by respondent Macht.

### 2. *Equal protection claim*

 Petitioner contends that respondents violated the equal protection clause of the Fourteenth Amendment when they treated him differently from other similarly situated patients by denying transfer of his prison release savings. The Fourteenth Amendment provides that "no state shall ... deny to any person within its jurisdiction the equal protection of the laws." Inherent in the amendment's equal protection clause is the notion that "all persons similarly situated should be treated alike." *City of Cleburne v. Cleburne Living Center, Inc.,* 473 U.S. 432, 439, 105 S.Ct. 3249, 3253, 87 L.Ed.2d 313 (1985). The purpose of the equal protection clause is to prevent state actors from treating certain classes of citizens less favorably than the population as a whole. *Indiana State Teachers Association v. Board of School Commissioners of the City of Indianapolis,* 101 F.3d 1179, 1181 (7th Cir.1996).

The equal protection clause protects even classes with only one member. *Nixon v. Administrator of General Services,* 433 U.S. 425, 472, 97 S.Ct. 2777, 2805, 53 L.Ed.2d 867 (1977); *Esmail v. Macrane,* 53 F.3d 176, 180 (7th Cir.1995).

Petitioner alleges that respondents singled him out for unfavorable treatment by withholding from him access to his prisoner savings while allowing such access to other Chapter 980 detainees. Because petitioner alleges that respondents subjected him to unequal and unfavorable treatment, I cannot say that his equal protection claim has no basis in law or fact. Petitioner's request for leave to proceed *in forma pauperis* will be granted.

## ORDER

IT IS ORDERED that petitioner's request for leave to proceed *in forma pauperis* is GRANTED. Service of this complaint will be delayed to allow petitioner to submit to the clerk of court two (2) completed marshals service forms and three (3) completed summonses, one for each respondent and one for the court (enclosed with a copy of this order is a set of the necessary forms). If, by January 5, 1998, petitioner fails to submit the forms and summonses, the clerk of court is directed to enter judgment in favor of the respondents dismissing this case, without prejudice, for petitioner's failure to prosecute.

Finally, petitioner should be aware of the requirement that he send respondents a copy of every paper or document that he files with the court. Once respondents' attorney is known, petitioner should send one copy of all documents to the lawyer rather than to the respondents directly. Petitioner should retain a copy of all documents for his own files. If petitioner does not have access to a photocopy machine, he may send out identical handwritten or typed copies of his documents. The court will disregard any papers or documents submitted by petitioner unless the court's copy shows that a copy has gone to respondents or to respondents' attorney.