201 F.3d 1136 (9th Cir. 2000)
 SAMMY L. PAGE, Plaintiff-Appellant,
v.
M. L. TORREY, Defendant-Appellee.
SAMMY L. PAGE, Plaintiff-Appellant,
v.
M. L. TORREY; STEVE BYRD; R. MADIGAN; ROCKY SPUNGEON; LISA MORGAN; MICHELE MUDGETTI; individually and in their official capacity, Defendants-Appellees.
 No. 98-56526, No. 98-56591
 U.S. Court of Appeals for the Ninth Circuit
 Submitted September 14, 1999[1]
Filed January 13, 2000
 
 COUNSEL: Mary Sylla, ACLU Foundation of Southern California, Los Angeles, California, for the plaintiff-appellant.
 Nicholas N. Paul, Deputy Attorney General, San Diego, California, for Amicus State of California.
 No appearance for the defendant-appellee.
 Appeals from the United States District Court for the Central District of California; Terry J. Hatter, Jr., District Judge, Presiding D.C. No. CV-98-06282-TJH
 Appeals from the United States District Court for the Central District of California; Consuelo B. Marshall, District Judge, Presiding. D.C. No. CV-98-06782-CBM
 Before: Betty B. Fletcher and Harry Pregerson, Circuit Judges, and Charles R. Weiner,[2] District Judge.
 OPINION
 PREGERSON, Circuit Judge:
 
 
 1
 These consolidated appeals arise from the District Courts' denials of Plaintiff Sammy L. Page's application to file his two 42 U.S.C. S 1983 civil rights actions in forma pauperis. In each case, the District Court agreed with the Magistrate Judge's recommendation that Page's application to proceed in forma pauperis be denied because Page failed to comply with the financial reporting and exhaustion requirements of the Prison Litigation Reform Act ("PLRA"). See 42 U.S.C. S 1997e(a); 28 U.S.C. S 1915(a)(2). We have jurisdiction pursuant to 28 U.S.C. S 1291. Before this court, Page and amicus curiae the State of California agree that Page, who is civilly committed under California's Sexually Violent Predators Act, see Cal. Welf. & Inst. Code SS 6600-6609.3, is not a "prisoner" within the meaning of the PLRA. Because we agree with this interpretation of the PLRA, we reverse.
 
 FACTS AND PRIOR PROCEEDINGS
 
 2
 Since January 21, 1998, Page has been civilly committed to Atascadero State Hospital ("Hospital") for care and treatment under California's Sexually Violent Predators Act.[3] Page's civil commitment began after he completed his prison term.On August 4, 1998, Page lodged a pro se 42 U.S.C.S 1983 complaint (CV-98-6282-TJH) against various Atascadero State Hospital personnel and filed a motion to proceed in forma pauperis and a declaration in support thereof. In the complaint, Page alleged violations of his rights under the First and Fourteenth Amendments to the United States Constitution. In the portion of the form complaint dealing with exhaustion of administrative remedies, Page argued that as a civil detainee, he was not subject to the PLRA's requirement that prisoners seeking to file civil actions regarding prison conditions first exhaust their administrative remedies. Page did not cite any case law as authority for this proposition.
 
 
 3
 On August 5, 1998, a Magistrate Judge completed a preprinted form order recommending denial of "prisoner-plaintiff" Page's application to proceed in forma pauperis on the basis of Page's (1) "[f]ailure to provide a certified copy of prisoner trust fund account statement for the last six months," and (2) "[f]ailure to demonstrate exhaustion of available remedies." In the comments section of the form, the Magistrate Judge noted that "the C[our]t disagrees with plaintiff that the exhaustion of administ[rative] remedies requirement of the PLRA does not apply to him." On August 6, 1998, the District Court agreed with the Magistrate Judge's recommendation and denied Page's application to proceed in forma pauperis. Page's lodged complaint was returned to him along with the order denying his application, and Page timely appealed this denial to this court.
 
 
 4
 While this appeal was pending, Page lodged a second pro se S 1983 complaint (CV-98-6782-CBM) and filed a second application to proceed in forma pauperis and declaration in support thereof. In the second complaint, filed on August 19, 1998, Page alleged new constitutional violations in addition to the violations he had alleged in the August 4, 1998, complaint. In addition, without conceding the applicability of the PLRA, Page attached documentation of his use of administrative remedies to the complaint and documentation of his financial accounts from the Hospital to his declaration.
 
 
 5
 On August 21, 1998, the same Magistrate Judge who had recommended denial of Page's first application to proceed in forma pauperis recommended denial of Page's second application, this time solely on the basis of Page's failure to demonstrate exhaustion of available remedies. In the comments section of the pre-printed form order, the Magistrate Judge noted that "the complaint forms attached as exhibits do not reflect that any action has been taken on plaintiff's invocation of administrative remedies; accordingly, they have not been exhausted." On August 25, 1998, the District Court agreed with the Magistrate Judge's recommendation and denied Page's second application to proceed in forma pauperis. Page's second lodged complaint was returned to him with the order denying his application, and Page timely appealed this second denial to this court.
 
 
 6
 On appeal, another panel of this court granted Page's motion to proceed in forma pauperis, consolidated Page's two appeals, ordered that pro bono counsel be appointed for Page, and requested that the Attorney General of the State of California either enter an appearance or file an amicus curiae brief. As a result, this court now has the benefit of extensive briefing--Page's two pro se briefs, Page's pro bono counsel's brief, and an amicus curiae brief filed by the State of California--none of which was before the District Court. All briefs argue that, as a person civilly committed pursuant to California's Sexually Violent Predators Act, Page is not subject to the filing requirements of the PLRA.
 
 DISCUSSION
 
 7
 Interpretation of the PLRA is a question of law, which we review de novo. See Tierney v. Kupers, 128 F.3d 1310, 1311 (9th Cir. 1997).
 
 
 8
 Enacted in 1996, the PLRA imposes specific filing requirements on prisoners seeking to file civil actions in forma pauperis, see 28 U.S.C. S 1915, and prisoners seeking to file civil actions regarding prison conditions, see 42 U.S.C. S 1997e. These include the requirements that prisonerplaintiffs seeking to proceed in forma pauperis submit a certified copy of their prisoner trust fund account statement for the previous six months, see 28 U.S.C. S 1915(a)(2), that prisoner-plaintiffs proceeding in forma pauperis pay the full amount of the filing fee, see 28 U.S.C.S 1915(b), and that prisoners seeking to file actions regarding prison conditions first exhaust available administrative remedies, see 42 U.S.C. S 1997e(a).
 
 
 9
 But it is clear from the express language of these provisions that these requirements apply only to "prisoners." See, e.g., 28 U.S.C. S 1915(a)(2) ("A prisoner seeking to bring a civil action . . ." (emphasis added)); 42 U.S.C.S 1997e(a) ("No action shall be brought . . . by a prisoner . . ." (emphasis added)). Thus, the denials of Page's applications turn initially on whether Page, who is civilly committed pursuant to California's Sexually Violent Predators Act, is a prisoner within the meaning of 28 U.S.C. S 1915 and 42 U.S.C.S 1997e.[4] Both Page and the State of California argue that Page is not a "prisoner" within the meaning of the PLRA. We agree.
 
 
 10
 The definition of "prisoner" for the purposes of these provisions of the PLRA is explicit:
 
 
 11
 As used in this section [28 U.S.C. S 1915], the term `prisoner' means any person incarcerated or detained in any facility who is accused of, convicted of, sen tenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program.
 
 
 12
 28 U.S.C. S 1915(h); see also 42 U.S.C. S 1997e(h) (identical language). Read broadly, this language could arguably be interpreted to include individuals--such as Page--who are currently detained and who have in the past been accused of, convicted of, or sentenced for a criminal offense.[5]
 
 
 13
 But the natural reading of the text is that, to fall within the definition of "prisoner," the individual in question must be currently detained as a result of accusation, conviction, or sentence for a criminal offense. See West v. Macht, 986 F.Supp. 1141, 1143 (W.D. Wisc. 1997)("Although petitioner has been convicted of a criminal violation, his current detention is not part of the punishment for that crime but is instead a civil commitment . . . ."); see also LaFontant v. INS, 135 F.3d 158, 165 (D.C. Cir. 1998)(holding that INS detainee is not a prisoner under the PLRA); Ojo v. INS, 106 F.3d 680, 682 (5th Cir. 1997)(same); cf. Greig v. Goord , 169 F.3d 165, 167 (2nd Cir. 1999)(holding that a former prisoner was not required to comply with the PLRA); Doe v. Washington County, 150 F.3d 920, 924 (8th Cir. 1998)(same); Kerr v. Puckett, 138 F.3d 321, 323 (7th Cir. 1998)(same). As this plain language reading of the text produces a plausible result, we need not look further. See Flores-Arrelano v. INS, 5 F.3d 360, 362 (9th Cir. 1993)(holding that where the plain language reading does not lead to absurd results or internal statutory inconsistencies, this reading controls). Therefore, we hold that only individuals who, at the time they seek to file their civil actions, are detained as a result of being accused of, convicted of, or sentenced for criminal offenses are "prisoners" within the definition of 28 U.S.C.S 1997e and 42 U.S.C. S 1915.
 
 
 14
 California's Sexually Violent Predators Act provides not for criminal sanctions, but for the civil commitment of an individual who has been:
 
 
 15
 Convicted[6] of a sexually violent offense against two or more victims for which he or she received a deter minate sentence and who has a diagnosed mental disorder that makes the person a danger to the health and safety of others in that it is likely that he or she will engage in sexually violent criminal behavior.
 
 
 16
 Cal. Welf. & Inst. Code S 6600(a); see also Hubbert v. Superior Court of Santa Clara County, 19 Cal. 4th 1138, 1179 (1999) (finding that California's Sexually Violent Predators Act provides not for punishment but for civil commitment).
 
 
 17
 Thus, although Page was a "prisoner" within the meaning of the PLRA when he served time for his conviction, he ceased being a "prisoner" when he was released from the custody of the Department of Corrections. See Cal. Welf. & Inst. Code S 6601; see also LaFontant, 135 F.3d at 165 ("Although LaFontant was a `prisoner' for purposes of the PLRA when he served time for past convictions, he ceased being a `prisoner' at the time he was released on parole."). His current detention is not part of the punishment for his criminal conviction but rather a civil commitment for non-punitive purposes.[7] See Cal. Welf. & Inst. Code S 6602.5; S 6604; Hubbart, 19 Cal. 4th at 1171-79 (holding that California's Sexually Violent Predators Act established civil commitment proceedings and that petitioner had not demonstrated that the Act imposed punishment). Therefore, we agree with Page and the State of California that Page is not a "prisoner" within the meaning of the PLRA. Accord West, 986 F. Supp. at 1143 (holding that person confined under Wisconsin's sexual predator law was not a prisoner under PLRA).
 
 
 18
 Accordingly, we hold that neither the PLRA's requirement that prisoner-plaintiffs seeking to proceed in forma pauperis must provide copies of prisoner trust fund account statements, nor the PLRA's requirement that prisoners seeking to file civil actions regarding prison conditions must exhaust available administrative remedies, applies to Page.[8]
 
 
 19
 REVERSED and REMANDED.
 
 
 
 Notes:
 
 
 [1]
 The panel unanimously finds this case suitable for decision without oral argument. Fed R. App. P. 34(a)(2).
 
 
 [2]
 The Honorable Charles R. Weiner, Senior United States District Judge for the Eastern District of Pennsylvania, sitting by designation.
 
 
 [3]
 It is not clear from the record whether Page was committed to Atascadero State Hospital on January 21, 1998, or whether he was placed at the Hospital on that date awaiting a commitment trial. Compare Cal. Welf. & Inst. Code S 6604 with Cal. Welf. & Inst. Code S 6602.5. As this distinction is not material to our determination, we assume that he was committed on this date.
 
 
 [4]
 Because we resolve this issue in Page's favor, we need not reach the question whether the Atascadero State Hospital is a "jail, prison, or other correctional facility" within the meaning of 42 U.S.C. S 1997e. See 42 U.S.C. S 1997e(a)("No action shall be brought with respect to prison conditions under section 1983 of this title . . . by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.").
 
 
 [5]
 This broad reading of the text produces an absurd result: the definition of "prisoner" would include every person detained in any facility who had ever been accused of, convicted of, or sentenced for a criminal offense. See United States v. X-Citement Video, Inc., 513 U.S. 64, 68-69 (1994) (holding that an interpretation with an absurd result does not control where there is another, more logical, interpretation).
 
 
 [6]
 A finding of not guilty by reason of insanity for a sexually violent offense also satisfies the conviction requirement. See Cal. Welf. & Inst. Code S 6600(a).
 
 
 [7]
 In so holding, we do not preclude the possibility that California's Sexually Violent Predators Act is actually penal in purpose or effect. See Kansas v. Hendricks, 117 S. Ct. 2072, 2087 (1997) (Kennedy, J., concurring); Young v. Weston, 176 F.3d 1196, 1201 (9th Cir. 1999).
 
 
 [8]
 We express no opinion as to the merits of Page's actions or the other possible bases on which his complaints might be dismissed.