# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 00-3040

_____

Jeffery D. Williams,                                      *
                                                         *
                    Appellant,                           *
                                                         *
        v.                                               *
                                                         *   Appeal from the United States
Fred Scalleta; Jerry Connolly;                           *   District Court for the Northern
John L. Duffy; John Ault; Diann                          *   District of Iowa.
Wilder-Tomlinson; State of Iowa;                         *
Iowa Department of Corrections;                          *        [UNPUBLISHED]
Anamosa Ref. Med. Serv. Admin.                           *
Medical Staff, sued as Anamosa                           *
State Penitentiary Health Services,                      *
                                                         *
                    Appellees.                           *

_____

Submitted: April 5, 2001

Filed: April 18, 2001
_____

Before MORRIS SHEPPARD ARNOLD, RICHARD S. ARNOLD, and FAGG,
      Circuit Judges.
_____

PER CURIAM.

        Jeffery D. Williams appeals the district court's preservice dismissal of Williams's
42 U.S.C. § 1983 action under the "three-strikes" provision of 28U.S.C. § 1915(g).
We reverse and remand for further proceedings consistent with this opinion.

In March 2000, Williams filed his application to proceed in forma pauperis (IFP) (showing he had been released from prison in November 1998) and his complaint (alleging constitutional violations against various prison officials) in the district court. On reviewing Williams's submissions, the district court noted that when Williams was a prisoner he had at least three cases dismissed within the meaning of § 1915(g). The court thus denied IFP status and dismissed Williams's action for his failure to prepay the filing fee. On appeal, Williams contends § 1915(g) applies only to prisoners who are incarcerated at the time of filing an action or appeal.

Because this appeal involves a question of statutory interpretation, we review the district court's dismissal de novo. See Trimble v. Asarco, Inc., 232 F.3d 946, 956 (8th Cir. 2000). Section 1915(g) states:

> [i]n no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding . . . if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

A prisoner is defined as "any person incarcerated or detained in any facility." See 28 U.S.C. § 1915(h). In our view, Congress's definition of "prisoner" as one who is incarcerated necessarily refers to the individual's status at the time the civil action is filed or appealed. Thus, § 1915(g) does not apply to Williams because he was no longer a prisoner when he filed this action in the district court. See Banos v. O'Guin, 144 F.3d 883, 885 (5th Cir. 1998) (per curiam) (use of present tense in § 1915(g) refers to time when action or appeal is filed, or when IFP motion is made); Page v. Torrey, 201 F.3d 1136, 1139 & n.5 (9th Cir. 2000) (natural reading of definition of prisoner is one "currently detained"; a reading that includes all persons who had ever been incarcerated would be unreasonable).

Having concluded the district court incorrectly ruled that Williams's action was barred by the "three strikes" he accumulated while he was a prisoner, we reverse and remand for reconsideration of Williams's IFP application and consideration of the merits of his complaint.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.