**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

| | |
|---|---|
| DARIO OLIVAS,<br>　　　　　*Plaintiff-Appellant*,<br><br>　　　　　v.<br><br>STATE OF NEVADA, ex rel.<br>Department of Corrections;<br>NICHOLAS GALBISO, individually,<br>　　　　*Defendants-Appellees.* | No. 15-17123<br><br>D.C. No.<br>2:14-cv-01801-<br>JCM-VCF<br><br><br>OPINION |

Appeal from the United States District Court
for the District of Nevada
James C. Mahan, District Judge, Presiding

Submitted May 10, 2017[*]
Pasadena, California

Filed May 19, 2017

---

[*] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Before:  Richard R. Clifton and Michelle T. Friedland, Circuit Judges, and Thomas O. Rice,[**] Chief District Judge.

Per Curiam Opinion

---

### SUMMARY[***]

---

### Prisoner Civil Rights

The panel reversed the district court's dismissal of a complaint brought by a former prisoner and remanded for further proceedings.

The panel held that the Prison Litigation Reform Act, 28 U.S.C. § 1915A, applies only to claims brought by individuals incarcerated at the time they file their complaints.  Because plaintiff was not so incarcerated, his claims should not have been subjected to § 1915A screening.

---

### COUNSEL

Cal. J. Potter III and C.J. Potter III, Potter Law Offices, Las Vegas, Nevada, for Plaintiff-Appellant.

---

[**] The Honorable Thomas O. Rice, Chief United States District Judge for the Eastern District of Washington, sitting by designation.

[***] This summary constitutes no part of the opinion of the court.  It has been prepared by court staff for the convenience of the reader.

Clark G. Leslie, Chief Deputy Attorney General, Public Safety/Litigation Division; Adam Paul Laxalt, Attorney General; United States Attorney's Office, Carson City, Nevada; for Defendants-Appellants.

**OPINION**

PER CURIAM:

Dario Olivas, a former prisoner, sued correctional officers and the Nevada Department of Corrections alleging violations of the Eighth Amendment and various state laws for injuries he suffered, and the medical treatment he received, after he was struck by shotgun pellets that officers fired in an attempt to quell an inmate altercation. The district court treated the lawsuit as one brought by a prisoner and thus applied the screening procedures established by § 1915A of the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915A, dismissing the Complaint pursuant to those procedures. We hold that 28 U.S.C. § 1915A applies only to claims brought by individuals incarcerated at the time they file their complaints. Because Olivas was not so incarcerated, his claims should not have been subjected to § 1915A screening. We therefore reverse and remand.

I.

On July 31, 2012, an altercation broke out in the dining hall at High Desert State Prison.[1] Dario Olivas, a prisoner at

---

[1] "In reviewing an order dismissing a case for failure to state a claim, we 'take as true all factual allegations in the complaint.'" *Nordstrom v. Ryan*, 762 F.3d 903, 906 (9th Cir. 2014) (quoting *Silva v. Di Vittorio*, 658 F.3d 1090, 1101 (9th Cir. 2011)).

the time, was seated several tables away from the altercation and was not involved in it.  "[A]lmost immediately after the altercation began," one or more officers fired pellets from a shotgun into the dining room.  The pellets struck Olivas in the eye, face, and upper body.  As a result, he lost sight in his right eye and suffered permanent disfigurement, excruciating pain, and extreme shock.

Olivas was released from prison in June 2014.  In July 2014, Olivas filed a pro se complaint in state court.  After retaining counsel, Olivas filed an amended complaint against Correctional Officer Galbiso, the Nevada Department of Corrections, and ten John Doe correctional officers alleging violations of the Eighth Amendment and various state laws.

Defendants removed the case to federal court in October 2014.  The district court issued a screening order pursuant to 28 U.S.C. § 1915A dismissing the federal claims without prejudice and deferring a decision on the state law claims until Olivas amended the complaint.

In April 2015, Olivas filed a Second Amended Complaint in which he claimed that Defendants used excessive force by "maliciously and sadistically shooting Mr. Olivas in the eye with the intent to cause him harm."  He also alleged that Defendants acted with deliberate indifference to his serious medical needs by denying him treatment for the injuries caused by the shotgun pellets.

In September 2015, the district court issued a screening order pursuant to 28 U.S.C. § 1915A dismissing Olivas's federal claims with prejudice and denying leave to amend. It concluded that Olivas had failed to state a colorable claim for excessive force.  Despite Olivas's allegations of malice, the relatively short distance between the officers and the altercation, the space between Olivas and the altercation, the

rapidity with which the officers allegedly began firing, and the extent of Olivas's injuries, the district court held that Olivas had been inadvertently struck with shotgun pellets while the officers acted in good faith to restore discipline. The district court also dismissed Olivas's deliberate indifference claim because it concluded that he failed to allege facts showing Defendants knew of and disregarded an excessive risk to his health.   Finally, the district court dismissed Olivas's claims against the state of Nevada and the Nevada Department of Corrections on Eleventh Amendment grounds.  The district court declined to exercise supplemental jurisdiction over Olivas's state law claims and dismissed them without prejudice.  The district court denied leave to amend, stating that amendment would be futile. Olivas timely appealed.

II.

This case presents us for the first time with the question whether a former prisoner who was released from custody before he filed his complaint is a "prisoner" within the meaning of 28 U.S.C. § 1915A.

Section 1915A provides that a federal district court "shall review . . . a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity."   28 U.S.C. § 1915A(a).  "On review, the court shall . . . dismiss the complaint, or any portion of the complaint," if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief."  28 U.S.C. § 1915A(b).   Section 1915A defines "prisoner" as "any person incarcerated . . . who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole,

probation, pretrial release, or diversionary program."
28 U.S.C. § 1915A(c).

## A.

Although we have not previously interpreted the
definition of "prisoner" in 28 U.S.C. § 1915A, we have
interpreted two other provisions of the PLRA that use the
same definition.

In *Page v. Torrey*, 201 F.3d 1136 (9th Cir. 2000), we
considered whether 28 U.S.C. § 1915, which establishes
procedures for prisoner-plaintiffs proceeding in forma
pauperis, and 42 U.S.C. § 1997e, which requires prisoner-
plaintiffs to exhaust administrative remedies before
challenging prison conditions, applied to a plaintiff who was
civilly committed. We held that neither provision applied to
a civilly committed plaintiff. We explained that "the natural
reading" of the definition of "prisoner" in 28 U.S.C.
§ 1915(h) and 42 U.S.C. § 1997e(h) "is that, to fall within
the definition of 'prisoner,' the individual in question must
be currently detained as a result of accusation, conviction or
sentence for a criminal offense." *Page*, 201 F.3d at 1139.
Thus "only individuals who, at the time they seek to file their
civil actions, are detained as a result of being accused of,
convicted of, or sentenced for criminal offenses are
'prisoners' within the definition of 42 U.S.C. § 1997e and
28 U.S.C. § 1915." *Id.* at 1140.

Similarly, in *Talamantes v. Leyva*, 575 F.3d 1021 (9th
Cir. 2009), we analyzed whether a plaintiff who had been
released from custody prior to filing his action was a
"prisoner" within the meaning of 42 U.S.C. § 1997e(h).
Relying again on the plain language of the statute, we held
that "only those individuals who are prisoners . . . at the time
they file suit must comply with the exhaustion requirements

of 42 U.S.C. § 1997e(a)." *Talamantes*, 575 F.3d at 1024. Because the plaintiff had been released from custody before he filed suit, he was not required to comply with 42 U.S.C. § 1997e(a). *Id.*

### B.

The definition of "prisoner" at issue in *Page* and *Talamantes* is the same definition at issue here. *See* 28 U.S.C. §§ 1915(h), 1915A(c); 42 U.S.C. § 1997e(h). Accordingly, we hold that a court may screen a complaint pursuant to 28 U.S.C. § 1915A only if, at the time the plaintiff files the complaint, he is "incarcerated or detained in any facility [because he] is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program." This reading is consistent with *Page* and *Talamantes*, as well as with the plain language of the statute.

Because it is undisputed that Olivas was released from custody a month before he filed his complaint, the screening requirement of 28 U.S.C. § 1915A does not apply to his claims. The district court therefore erred in subjecting them to screening.[2]

**REVERSED and REMANDED.**

---

[2] We note that it appears the rigorous screening here did not take all factual allegations as true and weighed imagined countervailing evidence. And, even if it had been proper to conclude that the Complaint failed to state a claim, leave to amend should be freely given. *See Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051–52 (9th Cir. 2003).