**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 18-1306
_____

JOSEPH ARUANNO,
                              Appellant

v.

MARCYVES MAURICE, C/O;
JOHN/JANE DOES 1-20 et al.

_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 2-14-cv-04796)
District Judge:  Honorable William J. Martini

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
December 10, 2018
Before:  MCKEE, COWEN and ROTH, <u>Circuit</u> <u>Judges</u>

(Opinion filed: October 30, 2019)
_____

OPINION[*]
_____

PER CURIAM

Joseph Aruanno appeals from an order of the United States District Court for the

District of New Jersey, which granted the motion for summary judgment filed by

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Defendant Marcyves Maurice in Aruanno's civil rights case. For the reasons that follow, we will vacate the judgment and remand for further proceedings.

Aruanno is a civilly committed sexually violent predator, housed at the Special Treatment Unit ("STU") in Avenel, New Jersey. In 2014, he filed a complaint alleging that, on August 1, 2012, Maurice, a correctional officer at the STU, pushed him and later came into his cell and assaulted him. Maurice filed a motion for summary judgment, arguing that no evidence in the record supported Aruanno's claims for excessive force, and in the alternative, that he was entitled to qualified immunity.

According to Aruanno's deposition, the incident occurred when Aruanno told Maurice that he needed to see the sergeant to raise a concern about another resident of the STU. Maurice told him that he would have to wait. Dkt. #50 at 9-10. Aruanno then went to the phone and tried to dial 9-1-1. Id. at 11. Maurice made him hang up and the two had a "push and shove match." Id. Aruanno then went to his cell, but Maurice came in a few minutes later and "started making threats." Id. at 12. Aruanno told him, "You'd better get the fuck out of here, asshole," and Maurice "started throwing punches." Id. They were "grasping [at] each other" and after Maurice issued a threat, the fight stopped and Maurice left. Id. at 12-13. Aruanno bit his tongue during one of the punches and had a little bit of blood coming from his mouth. Id. at 14. He also had a headache for a couple of days. Id. at 13. He did not file a grievance or seek medical attention because he believed the STU would put him in protective custody if he complained. Id. at 14.

2

The District Court granted Maurice's summary judgment motion, agreeing that the record did not support Aruanno's claims, and that even if his allegations were true, Maurice did not violate his constitutional rights. Aruanno timely appealed.

We have jurisdiction under 28 U.S.C. § 1291.[1] We review the District Court's ruling on a motion for summary judgment de novo. Barefoot Architect, Inc. v. Bunge, 632 F.3d 822, 826 (3d Cir. 2011). Summary judgment is proper if, viewing the evidence in the light most favorable to the nonmoving party and drawing all inferences in favor of that party, there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); Kaucher v. County of Bucks, 455 F.3d 418, 422–23 (3d Cir. 2006).

The District Court construed Aruanno's complaint as raising a claim of excessive force against Maurice.[2] The District Court recognized that because Aruanno has been involuntarily committed, his "excessive force claim [arose] under the Due Process Clause of the Fourteenth Amendment," but noted that "[e]ven so, Eighth Amendment standards apply to the claim." Dkt. #58 at 3 n.4. However, the Eighth Amendment provides only a minimum standard that must be met. See Inmates of Allegheny Cnty. Jail v. Pierce, 612

---

[1] Besides suing Maurice, Aruanno sued twenty John/Jane Doe defendants. Although the order granting the summary judgment motion did not dispose of the claims against the Doe defendants, the district court's order is nevertheless final and appealable because the those defendants were never identified or served with a copy of the complaint. See United States v. Studivant, 529 F.2d 673, 674 n.2 (3d Cir. 1976) (holding that unserved defendants are not parties within the meaning of Fed. R. Civ. P. 54(b)).

[2] In his complaint, Aruanno also characterized his claim as a "failure to protect" claim, but he did not explain who failed to protect him against what. We do not fault the District Court for failing to reach the merits of such a nebulous claim.

F.2d 754, 762 (3d Cir. 1979).  A detainee who is not serving a sentence after conviction is "entitled to more considerate treatment and conditions of confinement than criminals whose conditions of confinement are designed to punish."  Youngberg v. Romeo, 457 U.S. 307, 321-22 (1982).  Indeed, un-convicted detainees, such as pretrial detainees or immigration detainees, "cannot be punished at all."  Kingsley v. Hendrickson, 135 S. Ct. 2466, 2475 (2015).  In the context of an excessive force claim, "a pretrial detainee can prevail by providing only objective evidence that the challenged governmental action is not rationally related to a legitimate governmental objective or that it is excessive in relation to that purpose."  Id. at 2473-74.  To determine whether the action was objectionably reasonable, a court may consider:  "the relationship between the need for the use of force and the amount of force used; the extent of the plaintiff's injury; any effort made by the officer to temper or to limit the amount of force; the severity of the security problem at issue; the threat reasonably perceived by the officer; and whether the plaintiff was actively resisting."  Id. at 2473.

Maurice may not have acted in an objectively reasonable manner when he (allegedly) threw punches at Aruanno based only on a verbal provocation.  While the facility has an interest in requiring residents to be respectful of the officers, cf. Kervin v. Barnes, 787 F.3d 833, 835 (7th Cir. 2015) ("[B]acktalk by prison inmates to guards, like other speech that violates prison discipline, is not constitutionally protected."), responding with violence may have been "excessive."  Cf. Lockett v. Suardini, 526 F.3d 866, 875 (6th Cir. 2008) (concluding that "shoving, grabbing, and bending back two of

4

[inmate's] fingers" was reasonably related to bringing inmate under control after he "insulted the hearing officer, became 'very angered and upset' during the hearing, bit [one officer's] hand while being escorted back to his cell, and resisted the [officers] in response to their allegedly excessive use of force"). It is not clear that *any* force was necessary here, as it is not clear that Aruanno was making any type of physical threat against Maurice.

The lack of any significant injury weighs against Aruanno's claim, but it is not dispositive. While an "inmate who complains of a push or shove that causes no discernible injury almost certainly fails to state a valid excessive force claim, . . . [a]n inmate who is gratuitously beaten by guards does not lose his ability to pursue an excessive force claim merely because he has the good fortune to escape without serious injury." Wilkins v. Gaddy, 559 U.S. 34, 38 (2010). But Wilkins is a case involving a convicted prisoner. A non-convicted detainee need only show that the "use of force was unreasonable in light of the facts and circumstances at the time." Kingsley, 135 S. Ct. at 2476.[3]

---

[3] Even in Eighth Amendment claims against prison officials for use of excessive force, we have recognized that a showing of "significant" or "serious" injury is not necessary to make a claim. See Brooks v. Kyler, 204 F.3d 102, 107–09 (3d Cir. 2000) (concluding that a prisoner who testifies he was violently beaten by three prison guards, but who adduces no objective evidence of anything but *de minimis* injuries, may survive a summary judgment motion on his Eighth Amendment claim); see also Smith v. Mensinger, 293 F.3d 641, 649 (3d Cir. 2002) (noting that when there have been *de minimis* injuries, "[a] properly instructed fact finder could . . . [conclude] the force used was not of constitutional dimension," but that such "is an issue of fact to be resolved by the fact finder based upon the totality of the evidence; it is not an issue of law a court can decide").

The District Court did not credit Aruanno's allegations, noting that "[a]part from [Aruanno's] pleading and deposition testimony given, the record is devoid of even a scintilla of evidence to establish that any assault, fistfight, or back-and-forth push and shove match occurred." Dkt. #58 at 3. However, at the summary judgment stage, Aruanno's sworn testimony, standing alone, was sufficient to establish a genuine issue of material fact. See Paladino v. Newsome, 885 F.3d 203, 209-10 (3d Cir. 2018) (stating that a district court cannot make credibility determinations at summary judgment stage; inmate's sworn deposition testimony, even though self-serving, created a genuine issue of material fact). Maurice argues here that the District Court was not required to credit Aruanno's allegations, since they were "belied by the record." Appellee's Supp. Br. at 7. But aside from Maurice's answer to the complaint which succinctly "denied" the allegations of the complaint, the record does not contain Maurice's version of the events. Instead, Maurice's summary judgment motion noted that Aruanno did not submit any grievance forms or seek medical attention,[4] and then asked the District Court to infer that the incident must not have happened.[5]

---

[4] As explained above, Aruanno claims he did not do either because those actions would have subjected him to segregated confinement.

[5] Neither Maurice nor the District Court asserted that Aruanno was required to exhaust administrative remedies, and to date, courts have not required civil detainees to exhaust administrative remedies. See Page v. Torrey, 201 F.3d 1136, 1140 (9th Cir. 2000) (holding that civilly committed sexually violent predators are not subject to PLRA's exhaustion requirements); accord Troville v. Venz, 303 F.3d 1256, 1260 (11th Cir. 2002).

In granting summary judgment on that basis, the District Court erred by improperly weighing the evidence and making a credibility determination. See Montone v. City of Jersey City, 709 F.3d 181, 191 (3d Cir. 2013) ("[I]n considering a motion for summary judgment, a district court may not make credibility determinations or engage in any weighing of the evidence; instead, the non-moving party's evidence is to be believed[,] and all justifiable inferences are to be drawn in his favor." (internal quotations omitted)). Whether the incident occurred is a question of material fact that should not have been decided on this record.

Finally, Maurice argues that even if the incident occurred as alleged, he is entitled to qualified immunity. His brief notes that "Maurice is entitled to use reasonable force as needed," and that Aruanno's "testimony suggests a fairly tame, two-sided altercation, rather than an assault." Appellee's Br. at 19. But the brief does not explain why it would have been objectively reasonable for a corrections officer to throw punches in response to a verbal insult.[6]

---

[6] As a reminder, we are viewing the evidence in the light most favorable to Aruanno because the case is at the summary judgment stage, see Kaucher, 455 F.3d at 420; we make no determination that Maurice actually threw punches, or that the incident occurred at all.

7

We conclude that the District Court improperly made a credibility determination at the summary judgment stage.  We thus will vacate the District Court's judgment and remand this matter for further proceedings consistent with this opinion.[7]

---

[7] We remind the District Court that in evaluating Aruanno's allegations, it should apply the test set forth in <u>Kingsley</u>; i.e., whether Maurice's (alleged) use of force was objectively reasonable, given the facts and circumstances.  <u>See</u> <u>Kingsley</u>, 135 S. Ct. at 2476.  We leave it to the District Court to determine whether any further discovery is warranted, and whether it is necessary to revisit any of its rulings on prior discovery disputes.  We decline to grant Aruanno's request that we order the District Court to appoint counsel, but Aruanno may renew his request for counsel in the District Court.