Gibson v. City Municipality of New York

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

_____

August Term, 2011

(Argued: January 19, 2012        Decided: August 14, 2012)

Docket No. 09-2797

_____

BENNIE GIBSON,

*Plaintiff-Appellant,*

v.

CITY MUNICIPALITY OF NEW YORK,
COMMISSIONER DEPARTMENT OF CORRECTION,
DEPUTY CO, WARDEN OF C-95, RECEIVING RM,
CAPTAIN OF C-95, RECEIVING RM, JOHN DOES 1,
JOHN DOES 2, JOHN DOES 3, JOHN DOES 4, JOHN
DOES 5, LEGAL AID ATTORNEY SCHWARTZ,
DIRECTOR KIRBY PSYCHIATRIC, MS. LEECH, MS.
DAVINO OR SAVINO OF TREATMENT TEAM,
DIRECTOR CREEDMORE PSYCH, MS./DOCTOR
SINGH, MR./DOCTOR REDDY,

*Defendants-Appellees.*

_____

Before: WALKER, LEVAL, and POOLER, *Circuit Judges.*

Appeal from a judgment of the United States District Court for the Southern District of

New York (Leonard B. Sand, *J.*) denying Bennie Gibson's motion for leave to proceed *in forma*

*pauperis* and dismissing his complaint. The district court concluded that Gibson, who had been

charged with a crime and was being held prior to trial at a mental health facility in New York at

the time he filed his complaint, was a "prisoner" within the meaning of the Prison Litigation

Reform Act, and thus was barred from proceeding *in forma pauperis* because he had previously

submitted three or more frivolous filings in federal court. *See* 28 U.S.C. § 1915(g). Because we

conclude that Gibson was indeed a "prisoner" within the meaning of the Act, we affirm the

judgment of the district court.

Affirmed.

_____

BENNIE GIBSON, *on the brief*, Malone, NY, *pro se*.

MICHELLE SKINNER (Sara L. Shudofsky, *on the brief*), Spears & Imes LLP, New York, NY, *pro bono amicus curiae in support of Appellant*.

ELLEN RAVITCH (Stephen J. Mcgrath, *on the brief*) (Michael A. Cardozo, Corporation Counsel of the City of New York), New York, NY, *for Municipal Defendants-Appellees*.

SUDARSANA SRINIVASAN (Barbara D. Underwood, Solicitor General, Steven C. Wu, Assistant Solicitor General, *on the brief*) (Eric T. Schneiderman, Attorney General of the State of New York), New York, NY, *amicus curiae in support of Appellees*.

PER CURIAM:

This appeal presents the question of whether a person who has been charged with a crime

and is being held prior to trial under a temporary order of observation at a mental health

institution, pursuant to New York state law, is a "prisoner" within the meaning of the Prison

Litigation Reform Act. *See* 28 U.S.C. § 1915(g). We hold that such a person is indeed a

"prisoner" within the meaning of the PLRA and thus is subject to the Act's limitations on

proceeding *in forma pauperis* in federal court.

**BACKGROUND**

Bennie Gibson was charged with criminal mischief in the third degree in violation of New York state law. A state court judge found that Gibson was not competent to stand trial. The judge filed a temporary order of observation, pursuant to New York Criminal Procedure Law Section 730.40, transferring Gibson to the custody of the state's mental health commissioner for a period not to exceed ninety days, so that Gibson could receive "treatment . . . to restore [his] capacity" to stand trial on the criminal charge against him. New York law distinguishes between "final" and "temporary order[s] of observation." N.Y. Crim. Proc. Law § 730.40(1). Both orders transfer a person "to the custody of the [state's mental health] commissioner for care and treatment in an appropriate institution for a period not to exceed ninety days," although a person detained under a final order of observation may then be held for a longer period of time at "an appropriate hospital." *Id.* Gibson was eventually sent to Kirby Forensic Psychiatric Facility ("Kirby"), a state-run mental health institution in New York.[1]

---

[1] Gibson was initially transferred to Creedmoor Psychiatric Center because officials "mistakenly believed" that the state court judge had issued a final, as opposed to temporary, order of observation. Once they learned of their mistake, however, they transferred Gibson to Kirby. As the district court noted:

> Incapacitated defendants are treated very differently depending on whether they are committed pursuant to a Final Order of Observation or a Temporary Order of Observation. An individual committed under a Final Order is normally committed to a civil hospital, where he is converted to civil status, and receives care and treatment intended to enable him to function in the community. An individual committed under a Temporary Order of Observation is normally committed to a forensic hospital where he receives treatment designed to render him capable of standing trial on the criminal charges against him. Because the goal of treatment was to restore Gibson's capacity rather than to prepare him for release into community, the [New York State Office of Mental Health] transferred Gibson from Creedmoor to Kirby.

(footnotes omitted).

While Gibson was detained at Kirby, he filed a complaint in federal district court alleging that various defendants had violated his civil rights. Gibson also requested that the district court permit him to proceed *in forma pauperis*, so that he would not have to pay the ordinary court fees required to file a complaint.

While federal law generally permits a district court to waive such fees for those who cannot afford them, *see* 28 U.S.C. § 1915(a)(1), Congress passed the Prison Litigation Reform Act ("PLRA") in 1995 in an attempt to limit abuse of the legal system by prisoners who repeatedly file frivolous lawsuits. *See Nicholas v. Tucker*, 114 F.3d 17, 19 (2d Cir. 1997). The PLRA generally prohibits a "prisoner" who has filed three or more frivolous actions in federal court from filing another lawsuit without first paying the required fees. *See* 28 U.S.C. § 1915(g). The Act itself defines "the term 'prisoner'" to include "any person . . . detained in any facility who is accused of . . . violations of criminal law." *Id.* § 1915(h).

The district court concluded that even though Gibson was not confined in a jail or a prison, he was nonetheless a "prisoner" within the meaning of the PLRA and thus was subject to the Act's restrictions on proceeding *in forma pauperis* in federal court. Moreover, Judge Sand determined that because of Gibson's previous frivolous filings, he was barred by the PLRA from filing another complaint without first paying the required fees.[2] Accordingly, Judge Sand denied

---

[2] In concluding that Gibson was subject to the PLRA's restrictions, the district court noted Gibson's "repeated filing of frivolous and non-meritorious actions" and cited an August 2000 order of the Southern District of New York that "barred [Gibson] from filing any further actions in this Court without first applying in advance for leave to file any new complaint." (internal quotation mark omitted).

Gibson's *amicus* counsel argues on appeal that the district court erred by not explicitly referring to three of Gibsons's lawsuits that had been dismissed under circumstances described in 28 U.S.C. § 1915(g) and thus qualified as "strikes" within the meaning of the PLRA. *Kalinowski v. Bond*, 358 F.3d 978, 978 (7th Cir. 2004) ("Three strikes and you're out, under the Prison Litigation Reform Act as well as the rules of baseball . . . .").

4

Gibson's motion to proceed *in forma pauperis* and ultimately dismissed his complaint.

Following Gibson's appeal to this Court, we initially requested that the district court make certain findings of fact related to Gibson's detention at Kirby in order to supplement the record and assist appellate review. While we requested that the district court make certain factual findings, we retained jurisdiction over Gibson's appeal in accordance with our decision in *United States v. Jacobson*, 15 F.3d 19 (2d Cir. 1994). Following our order for supplementation of the record, the case was reassigned to the Honorable Shira A. Scheindlin, who made the factual findings that we had requested. We now consider the merits of Gibson's appeal in light of those findings.

On appeal, Gibson argues that he was not a "prisoner" within the meaning of the PLRA and thus was not subject to the PLRA's restrictions on filing actions in federal court without paying the required fees. For the following reasons, we disagree.

**DISCUSSION**

"We review *de novo* a district court's ruling pursuant to 28 U.S.C. § 1915." *Polanco v. Hopkins*, 510 F.3d 152, 155 (2d Cir. 2007).

---

We do not believe, however, that federal law requires a district court to specify, in an order dismissing a prisoner's complaint pursuant to 28 U.S.C. § 1915(g), the particular orders on which the court relies. *Cf. Harris v. City of N.Y.*, 607 F.3d 18, 23-24 (2d Cir. 2010). *But see Evans v. Ill. Dep't of Corr.*, 150 F.3d 810, 812 (7th Cir. 1998) ("[W]e hold that in the order denying leave to proceed *in forma pauperis* the district court must cite specifically the case names, case docket numbers, districts in which the actions were filed, and the dates of the orders dismissing the actions.").

Nonetheless, we note that when a district court dismisses a prisoner's complaint pursuant to Section 1915(g) without citing or otherwise identifying the three prior dismissals that provide the basis for the court's determination, and the prisoner argues on appeal that he had not in fact filed three prior actions that had been dismissed under circumstances described in Section 1915(g) and thus had not accumulated three strikes under the PLRA, it may in certain circumstances be necessary for a reviewing court to remand the case for further proceedings in order to determine whether the prisoner had indeed accumulated three strikes.

5

Federal law generally prohibits a district court from permitting "a prisoner" to file a lawsuit without first paying the ordinary fees required of other litigants, "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(g). Moreover, the PLRA states that "the term 'prisoner'" includes "any person . . . detained in any facility who is accused of . . . violations of criminal law." *Id.* § 1915(h).

We have previously made clear that the relevant time at which a person must be "a prisoner" within the meaning of the PLRA in order for the Act's restrictions to apply is "the moment the plaintiff files his complaint." *Harris v. City of N.Y.*, 607 F.3d 18, 21-22 (2d Cir. 2010). At the time Gibson filed his complaint, he was detained at Kirby pursuant to a temporary order of observation. *See* N.Y. Crim. Proc. Law § 730.40(1).[3]

Under New York law, "when a defendant is in the custody of the commissioner [of mental health] pursuant to a temporary order of observation . . . , the criminal action pending against the defendant in the court that issued such order is *suspended* until the superintendent of

---

[3] Gibson signed his complaint and handed it over to be mailed to officials at Kirby on November 20, 2008. His complaint was received by the district court on December 2, 2008. While papers are generally deemed filed on the date they are received by a court, *see* Fed. R. Civ. P. 5(d)(2), a complaint submitted by a prisoner proceeding *pro se* is deemed filed on the date that he "turn[s] his complaint over to prison officials." *Dory v. Ryan*, 999 F.2d 679, 682 (2d Cir. 1993). We have not yet determined whether this rule, which was derived from the Supreme Court's decision in *Houston v. Lack*, 487 U.S. 266 (1988), extends to *pro se* litigants who are confined to mental health institutions as opposed to prisons. *See Walker v. Jastremski*, 430 F.3d 560, 564 n.4 (2d Cir. 2005) ("[O]ur holding is in no way meant to preclude a later panel . . . from devising a *Houston*-like rule that might deal appropriately with people" who are "confined to a mental hospital (or in any other governmental custody)" (internal quotation marks omitted)). We, however, need not decide that question to resolve this appeal because Gibson was confined at Kirby pursuant to a temporary order of observation on both the date he submitted his complaint to officials at the institution and the date the district court received it.

6

the institution in which the defendant is confined determines that he is no longer an incapacitated person."  N.Y. Crim. Proc. Law § 730.60(2) (emphasis added); *see also* N.Y. Crim. Proc. Law § 730.10(3) (defining "[c]ommissioner" (internal quotation marks omitted)).  While the criminal proceedings against a defendant being held pursuant to a temporary order of observation are suspended, New York law makes clear that those proceedings must later "*terminate* for all purposes" if "the defendant is in the custody of the commissioner at the expiration of the period prescribed in [the] temporary order of observation."  N.Y. Crim. Proc. Law § 730.40(2) (emphasis added).

Because New York law explicitly specifies that the criminal proceedings against a person, such as Gibson, who is being held in a mental health institution pursuant to a temporary order of observation, are merely suspended during his confinement and observation—and only terminate if the person is still being held at the time the temporary order expires or the criminal charges at issue are otherwise dropped—we have little trouble concluding that Gibson was still a "person . . . detained in [a] facility who is accused of . . . [a] violation[] of criminal law" at the time he filed his complaint, and thus was a "prisoner" under the PLRA.  28 U.S.C. § 1915(h) (internal quotation marks omitted).  *See Kalinowski v. Bond*, 358 F.3d 978, 979 (7th Cir. 2004) (concluding that "a person charged with a felony, whose criminal proceedings are held in abeyance during treatment for mental illness," is a "prisoner" within the meaning of the PLRA); *Page v. Torrey*, 201 F.3d 1136, 1139 (9th Cir. 2000) ("[T]he natural reading of the text" of the PLRA "is that, to fall within the definition of 'prisoner,' the individual in question must be *currently detained as a result of* [an] accusation, conviction, or sentence for a criminal offense." (emphasis added)).

## CONCLUSION

For the foregoing reasons, and because we find no merit in Gibson's remaining arguments, the judgment of the district court is AFFIRMED.