DeBoe v. Du Bois

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 27th day of November, two thousand twelve.

PRESENT:
> JOHN M. WALKER, Jr.,
> ROBERT A. KATZMANN,
> PETER W. HALL,
> *Circuit Judges.*

_____

Frankie Da DeBoe,

> *Plaintiff-Appellant*,

> v.                                                                  12-53

Carl Du Bois, Officer Kesnner, Christopher Shanahan, John Tsoukaris, Colonel Orsino, Sergeant Rodriguez,

> *Defendants-Appellees*.

_____

FOR PLAINTIFF-APPELLANT:          Frankie Da DeBoe, *pro se*, Accra, Ghana.

FOR DEFENDANTS-APPELLEES
CARL DU BOIS, OFFICER KESSNER,
COLONEL ORSINO, AND SERGEANT
RODRIGUEZ:                        Hyun Chin Kim, Senior Assistant County
                                  Attorney, *for* David Darwin, County
                                  Attorney for the County of Orange,
                                  Goshen, NY.

FOR DEFENDANTS-APPELLEES
CHRISTOPHER SHANAHAN AND JOHN
TSOUKARIS:

Sarah J. North, Sarah S. Normand, Assistant United States Attorneys, *for* Preet Bharara, United States Attorney for the Southern District of New York, New York, NY.

Appeal from the judgment of the United States District Court for the Southern District of New York (Bricetti, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED IN PART** and **VACATED IN PART**.

Plaintiff-Appellant Frankie Da DeBoe, *pro se*, appeals from the district court's order granting motions to dismiss DeBoe's civil rights complaint against Immigration and Customs Enforcement ("ICE") officials Christopher Shanahan and John Tsoukaris (the "federal defendants") and several correctional officers at the Orange County Correctional Facility ("OCCF"). We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review *de novo* a district court decision dismissing a complaint pursuant to Rule 12(b)(1) or 12(b)(6) of the Federal Rules of Civil Procedure. *See Jaghory v. N.Y. State Dep't of Educ.*, 131 F.3d 326, 329 (2d Cir. 1997). Dismissal of a case for lack of subject matter jurisdiction under Rule 12(b)(1) is proper "when the district court lacks the statutory or constitutional power to adjudicate it." *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000). Where subject matter jurisdiction is contested, courts are permitted to look to materials outside the pleadings, including affidavits. *J.S. v. Attica Cent. Sch.*, 386 F.3d 107, 110 (2d Cir.

2

2004).  The plaintiff asserting subject matter jurisdiction has the burden of proving by a preponderance of the evidence that such jurisdiction exists.  *See Makarova*, 201 F.3d at 113.

To survive a Rule 12(b)(6) motion to dismiss, the complaint must plead "enough facts to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  Although all allegations contained in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions."  *Iqbal*, 556 U.S. at 678.  A claim will have "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id*.  While *pro se* complaints must contain sufficient factual allegations to meet the plausibility standard, *see Harris v. Mills*, 572 F.3d 66, 71-72 (2d Cir. 2009), the Court should look for such allegations by reading *pro se* complaints with "special solicitude" and by interpreting them to raise the "strongest [claims] that they suggest," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474-75 (2d Cir. 2006) (per curiam) (emphasis omitted).

Finally, we have held that district courts generally should not dismiss a *pro se* complaint without granting the plaintiff at least one opportunity to amend.  *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000); *see also Branum v. Clark*, 927 F.2d 698, 705 (2d Cir. 1991) (holding that district courts should not dismiss pro se complaints "without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated").  Leave to amend is not necessary, however, when it would be futile.  *See Cuoco*, 222 F.3d at 112 (finding leave to replead would be futile when the complaint, even when read liberally, did not "suggest[] that the plaintiff has a claim that she has inadequately or inartfully pleaded and that she should therefore be given a chance to reframe").

3

Here, the district court dismissed DeBoe's *pro se* complaint without providing him with an opportunity to replead. We thus consider, with respect to both the OCCF and the ICE defendants, whether a remand for this purpose would be futile. For the reasons discussed below, we conclude that such a remand is warranted with respect to DeBoe's 42 U.S.C. § 1983 claims against the OCCF defendants, but not with respect to DeBoe's claims against the ICE defendants.

## A. Claims Against the OCCF Defendants

In his complaint, DeBoe alleged that he was being held in "civil custody" at the OCCF as an alien detainee awaiting deportation. DeBoe's status as an alien detainee means that his claims against the defendants arise under the Due Process Clause of the Fourteenth Amendment rather than under the Eighth Amendment's prohibition of cruel and unusual punishment. *See United States v. Walsh*, 194 F.3d 37, 47-48 (2d Cir. 1999) ("[T]he Eighth Amendment's protection does not apply 'until after conviction and sentence . . . .'" (quoting *Graham v. Connor*, 490 U.S. 386, 392 n.6 (1989))); *see also Porro v. Barnes*, 624 F.3d 1322, 1326 (10th Cir. 2010) (holding that "it is th[e] . . . due process[] standard that controls excessive force claims brought by federal immigration detainees"); *Edwards v. Johnson*, 209 F.3d 772, 778 (5th Cir. 2000) ("We consider a person detained for deportation to be the equivalent of a pretrial detainee; a pretrial detainee's constitutional claims are considered under the due process clause instead of the Eighth Amendment.").

We have equated the standard used for excessive force claims brought by detainees under the Fourteenth Amendment with that used to analyze Eighth Amendment excessive force claims, *see Walsh*, 194 F.3d at 47-48, but we have also held that a detainee may set forth a constitutional

4

due process violation by showing that indignities he suffered constituted "punishment" or involved an "intent to punish," *see Benjamin v. Fraser*, 264 F.3d 175, 188 (2d Cir. 2001). In his complaint, DeBoe alleged that, after he refused OCCF officer Kessner's "sexual demands," Kessner threatened DeBoe, "punish[ed]" him, and instituted "[p]unitive retaliations." Given these allegations, we cannot say at this juncture that, if the district court had provided DeBoe with an opportunity to amend his complaint, he would have been unable to state a § 1983 claim under the due process provisions of the Fourteenth Amendment. We therefore find that a remand is necessary to permit DeBoe to amend his complaint against the OCCF defendants.

As an alternative basis for its dismissal of DeBoe's § 1983 claims, the district court found that he had failed to administratively exhaust those claims as required by the Prison Litigation Reform Act ("PLRA"). The relevant provision, 42 U.S.C. § 1997e(a), states that "[n]o action shall be brought with respect to prison conditions under [§ 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." The PLRA further defines a "prisoner" as "any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program." 42 U.S.C. § 1997e(h).

When determining whether a plaintiff qualifies as a prisoner under 28 U.S.C. § 1915(h), a definitional subsection identical to § 1997e(h), we have recently focused on whether the plaintiff is accused of violating a criminal law. *See Gibson v. City Municipality of New York*, 692 F.3d 198, 201-02 (2d Cir. 2012) (applying § 1915(h) and holding that a plaintiff who was held in a mental health institution pursuant to a court-ordered observation period, and whose criminal

5

charges were "merely suspended" during that period, was a "prisoner" within meaning of the PLRA because he remained accused of a violation of criminal law while detained in the institution); *see also Page v. Torrey*, 201 F.3d 1136, 1139 (9th Cir. 2000) ("[T]he natural reading of the text" of the PLRA "is that, to fall within the definition of 'prisoner,' the individual in question must be currently detained as a result of [an] accusation, conviction, or sentence for a criminal offense."). Three of our sister circuits have concluded that the PLRA's definition of a "prisoner" is not applicable to alien detainees who do not also face criminal charges. *See Agyeman v. INS*, 296 F.3d 871, 885-86 (9th Cir. 2002) ("[T]he filing fee provisions of the PLRA do not apply to an alien detainee who proceeds *in forma pauperis* to petition for review from a BIA decision, so long as he does not also face criminal charges." (citation omitted)); *LaFontant v. INS*, 135 F.3d 158, 165 (D.C. Cir. 1998) ("Although LaFontant was a 'prisoner' for purposes of the PLRA when he served time for past convictions, he ceased being a 'prisoner' at the time he was released on parole. When LaFontant was detained by the Attorney General under the INA for deportation purposes, he became an 'alien detainee,' not a 'prisoner.'"); *Ojo v. INS*, 106 F.3d 680, 682-83 (5th Cir. 1997) ("[T]he PLRA does not bring alien detainees within its sweep.").

Here, there is no indication in DeBoe's complaint that he faced criminal charges at the time he was detained in the OCCF. Given the record before us, however, we are unable say that he did *not* face such charges and thus we cannot conclusively determine whether he was "prisoner" within meaning § 1997e(h). We therefore leave this issue for the district court to consider in the first instance on remand, should it prove necessary.

**B.** **Claims Against the Federal Defendants**

We affirm the district court's dismissal of DeBoe's claims against the federal defendants as we conclude that any amendment to his complaint with respect to these defendants would be futile.[1]  First, it is apparent that, to the extent DeBoe brought claims against the federal defendants pursuant to *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), the only theory of liability he can pursue is that of supervisory liability, which is not applicable where, as here, the plaintiff describes only negligence and fails to allege that the supervisors, by their own actions, violated clearly established constitutional rights.  *See Iqbal*, 556 U.S. at 676-77.  Second, to the extent DeBoe asserted claims under the Federal Torts Claims Act ("FTCA"), the district court correctly determined that it lacked subject matter jurisdiction over those claims because DeBoe failed to exhaust his administrative remedies under FTCA by filing a complaint with the appropriate federal agency, in this case ICE.  *See* 28 U.S.C. § 2675(a); *Millares Guiraldes de Tineo v. United States*, 137 F.3d 717, 720 (1998) ("In sum, the United States has not consented to be sued on a tort claim unless the claim was first presented to the appropriate federal agency in writing, was so presented within two years after the claim accrued, and specified the amount of the claim in writing.").  Moreover, because the federal defendants submitted evidence that DeBoe had never filed an administrative complaint with ICE, a remand to allow DeBoe to amend his complaint would not rectify this deficiency.  *See J.S.*, 386 F.3d at 110 (courts are permitted to look to materials outside the pleadings when resolving questions of subject matter jurisdiction).

---

[1]We also grant the federal defendants' motion to strike the photographs contained in DeBoe's appellate brief, as those photographs were not part of the record on appeal.  *See* Fed. R. App. P. 10(a)(1); *Loria v. Gorman*, 306 F.3d 1271, 1280 n.2 (2d. Cir. 2002) ("Ordinarily, material not included in the record on appeal will not be considered.").

We have considered all of DeBoe's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court as to ICE officials Shanahan and Tsoukaris. With respect to the remaining defendants, we **VACATE** the district court's judgment and **REMAND** with instructions that DeBoe be permitted to file an amended complaint.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk