*Jones v. Cuomo*

# In the
# United States Court of Appeals
## FOR THE SECOND CIRCUIT

---

AUGUST TERM 2020
No. 20-2174

**DANIEL JONES,**
*Plaintiff-Appellant,*

v.

**ANDREW M. CUOMO, NEW YORK STATE GOVERNOR, BRIAN S. FISCHER, COMMISSIONER OF DEPARTMENT OF CORRECTIONS AND COMMUNITY SUPERVISION, SANDY HAMLIN, ADMINISTRATIVE ASSISTANT, DONNA HALL, ACTING ASSOCIATE COMMISSIONER, OFFICE OF MENTAL HEALTH, COURTNEY BUTLER, LICENSED CLINICAL SOCIAL WORKER, OFFICE OF MENTAL HEALTH, KATRINA COLISTRA, DOCTOR OF PSYCHOLOGY, NAOMI HARRINGTON, DIRECTOR, OFFICE OF MENTAL HEALTH, MELINDA BUCKEY, OFFICE OF MENTAL HEALTH,**
*Defendants-Appellees.*[*]

---

On Motion for Restoration of Fees

---

SUBMITTED: FEBRUARY 10, 2021
DECIDED: JUNE 22, 2021

---

[*] The Clerk of Court is directed to amend the caption as set forth above.

Before: PARKER, LOHIER, and MENASHI, *Circuit Judges*.[†]

Daniel Jones appeals from an order entered on June 15, 2020, by the U.S. District Court for the Western District of New York (Skretny, J.). Jones is civilly confined pursuant to Article 10 of New York's Mental Hygiene Law. Jones brought claims under 42 U.S.C. § 1983 challenging the constitutionality of aspects of his Article 10 proceedings. The district court dismissed Jones's complaint because he filed his claims after the expiration of the applicable three-year statute of limitations.

In the proceedings below, the district court granted Jones *in forma pauperis* ("IFP") status. During the pendency of his appeal, our court has deducted court fees from Jones's institutional account at the Central New York Psychiatric Center pursuant to the filing fee requirement of the Prison Litigation Reform Act ("PLRA") that applies to a "prisoner" proceeding IFP. 28 U.S.C. § 1915(b). Jones now moves for restoration of those fees. As a civil detainee who completed his criminal sentence, Jones was no longer a "prisoner" within the meaning of the PLRA when he filed his lawsuit and therefore is not subject to the PLRA's fee provisions. Accordingly, we **GRANT** Jones's motion for restoration of fees.

---

[†] Judge Parker and Judge Lohier concur fully in the court's opinion but note that motions are ordinarily not resolved by precedential opinion, particularly when motions involve pro se litigants. They join this opinion because (1) motions such as the one at issue will, as a practical matter, rarely if ever be filed by litigants who have the benefit of counsel, (2) the question presented is likely to recur, and (3) the motion here is resolved in the pro se litigant's favor. In those very limited circumstances, Judge Parker and Judge Lohier agree that a pro se motion may appropriately be resolved by precedential opinion.

Daniel Jones, pro se, Marcy, New York.

MENASHI, *Circuit Judge*:

Daniel Jones appeals from an order entered on June 15, 2020, by the U.S. District Court for the Western District of New York (Skretny, J.). Jones is civilly confined pursuant to Article 10 of New York's Mental Hygiene Law. Jones brought claims under 42 U.S.C. § 1983 challenging the constitutionality of aspects of his Article 10 proceedings. The district court dismissed Jones's complaint because he filed his claims after the expiration of the applicable three-year statute of limitations.

In the proceedings below, the district court granted Jones *in forma pauperis* ("IFP") status. During the pendency of his appeal, our court has deducted court fees from Jones's institutional account at the Central New York Psychiatric Center pursuant to the filing fee requirement of the Prison Litigation Reform Act ("PLRA") that applies to a "prisoner" proceeding IFP. 28 U.S.C. § 1915(b). Jones now moves for restoration of those fees. As a civil detainee who completed his criminal sentence, Jones was no longer a "prisoner" within the meaning of the PLRA when he filed his lawsuit and therefore is not subject to the PLRA's fee provisions. We accordingly grant his motion for restoration of fees.

**BACKGROUND**

**I**

Convicted of sexual abuse and attempted rape, Daniel Jones was incarcerated in a New York state prison from 1992 to 2012. Days before his scheduled release on March 9, 2012, the New York State Attorney General petitioned for Jones's civil confinement under Article 10 of New York's Mental Hygiene Law ("MHL"). Jones has since been confined pursuant to that petition.

The MHL provides that the New York State Office of Mental Health shall designate a case review team to screen sex offenders who are approaching the end of their terms of imprisonment to determine whether an offender "requir[es] civil management." N.Y. Mental Hyg. Law § 10.05. A sex offender requires civil management if he or she "suffers from a mental abnormality," defined as a "condition, disease or disorder … that predisposes him or her to the commission of conduct constituting a sex offense and that results in that person having serious difficulty in controlling such conduct." *Id.* § 10.03. If the case review team makes that determination, the New York State Attorney General may file "a sex offender civil management petition in the supreme court or county court of the county where the respondent is located." *Id.* § 10.06(a). If a jury (or the court if a jury trial is waived) finds that the sex offender suffers from a "mental abnormality," the court must then decide whether the "mental abnormality involve[s] such a strong predisposition to commit sex offenses, and such an inability to control behavior, that the [sex offender] is likely to be a danger to others and to commit sex offenses if not confined to a secure treatment facility." *Id.* § 10.07(f). If the court answers this question in the affirmative, the sex offender is

4

"committed to a secure treatment facility for care, treatment, and control until such time as he or she no longer requires confinement." *Id.* If the "mental abnormality" falls below this standard, the sex offender must instead adhere to "a regimen of strict and intensive supervision and treatment." *Id.*

## II

In 2016, Jones brought suit under 42 U.S.C. § 1983, challenging the constitutionality of aspects of his commitment proceedings and his confinement itself. After granting Jones IFP status, the district court dismissed his claims against the state and assistant attorneys general, concluding that Jones failed to allege their personal involvement and that, in any event, those defendants were entitled to immunity from suit. The district court then granted the remaining defendants' motion to dismiss under Rule 12(b)(6) on the ground that Jones's claims were time-barred. Jones filed a timely appeal.

When Jones filed his appeal, our court instructed him to submit a Prisoner Authorization Form so that, pursuant to the PLRA, the filing fee and other court costs could be deducted from his institutional patient account at Central New York Psychiatric Center ("CNYPC"). Failure do to so, the court said, would result in the dismissal of his appeal. In response, Jones submitted multiple letters arguing that he was not a "prisoner" under the PLRA and that the PLRA's fee deduction provisions therefore did not apply to him. Nevertheless, he completed and returned the requested Prisoner Authorization Form. Jones now moves for restoration of the fees deducted from his institutional patient account.

**DISCUSSION**

We grant Jones's motion for restoration of fees. Jones was not a "prisoner" under the PLRA when he filed this lawsuit and should not have been required to pay a filing fee on appeal.

The PLRA provides that a "prisoner" with IFP status who brings a lawsuit or files an appeal must still pay a filing fee, which is to be deducted in installments from the prisoner's account. 28 U.S.C. § 1915(b). The PLRA defines a "prisoner" as "any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program." *Id.* § 1915(h). "Read broadly, this language could arguably be interpreted to include" all individuals "who are currently detained and who have in the past been accused of, convicted of, or sentenced for a criminal offense." *Page v. Torrey*, 201 F.3d 1136, 1139 (9th Cir. 2000) (emphasis omitted). As we have previously indicated, however, "[t]he natural reading of the text of the PLRA is that, to fall within the definition of 'prisoner,' the individual in question must be *currently detained as a result of* an accusation, conviction, or sentence for a criminal offense." *Gibson v. City Municipality of New York*, 692 F.3d 198, 202 (2d Cir. 2012) (internal quotation marks and alteration omitted) (quoting *Page*, 201 F.3d at 1139).[1] In other words, "§ 1915(h) differentiates between 'criminal'

_____

[1] *See also Michau v. Charleston Cnty.*, 434 F.3d 725, 727 (4th Cir. 2006) (holding that a detainee is not a "prisoner" under the PLRA because his "detention ... is not the result of a violation of criminal law, or of the terms of parole, probation, or a pretrial diversionary program"); *Merryfield v. Jordan*, 584 F.3d 923, 927 (10th Cir. 2009) (holding that a detainee is not a

detainees—i.e., individuals detained *pursuant to* an accusation or conviction of a violation of a criminal statute, or relatedly a violation of parole or probation—and other detainees." *Jackson v. Johnson*, 475 F.3d 261, 267 (5th Cir. 2007) (emphasis added).

"[T]he relevant time at which a person must be 'a prisoner' within the meaning of the PLRA in order for the Act's restrictions to apply is 'the moment the plaintiff files his complaint.'" *Gibson*, 692 F.3d at 201 (quoting *Harris v. City of New York*, 607 F.3d 18, 21-22 (2d Cir. 2010)). When Jones filed this lawsuit, he was not detained pursuant to his earlier crimes but pursuant to a determination that he poses a danger to the public. While Jones's convictions for sex offenses serve as a prerequisite for that determination, that determination is—and by law must be—predicated on the additional conclusion that he "suffers from a mental abnormality" that renders him dangerous and in need of "care, treatment, and control." N.Y. Mental Hyg. Law § 10.07. Thus, Jones was not a "prisoner" under the PLRA when he filed this lawsuit. In so concluding, we join other circuits that have held that an individual detained pursuant to a civil sex offender confinement statute is not a "prisoner" under the PLRA. *See Michau*, 434 F.3d at 727; *Merryfield*, 584 F.3d at 927; *Page*, 201 F.3d at 1140; *Troville v. Venz*, 303 F.3d 1256, 1260 (11th Cir. 2002). We therefore grant Jones's motion and direct the Clerk of Court to refund

---

"prisoner" under PLRA because "his civil commitment and detention are not the result of a 'violation of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program'") (alteration omitted).

Jones's patient account at CNYPC with the full amount of funds that our court has withdrawn and to cease further collections.[2]

\* \* \*

Because Jones was not a "prisoner" under the PLRA when he filed his lawsuit, we **GRANT** his motion for restoration of fees deducted from his patient account and direct the Clerk of Court to refund those fees and to cease further collections.

---

[2] In *Goins v. Decaro,* we stated that a "prisoner" seeking to recoup funds already collected under the PLRA "encounters the barrier of sovereign immunity, since the debited funds have become the property of the United States." 241 F.3d 260, 261 (2d Cir. 2001). Unlike Jones, the appellant in *Goins* was a "prisoner" under the PLRA, which authorized the fee deductions he sought to reverse. The fees that Jones seeks to recoup, by contrast, were wrongly taken from his patient account. Whatever role sovereign immunity plays in preventing a prisoner from compelling a court to refund fee deductions authorized by statute, it does not prevent us from deciding to return funds that were erroneously deducted. We have previously refunded parties' accounts when PLRA fees were improperly deducted from habeas petitioners seeking to overturn criminal convictions, to whom the PLRA does not apply, *Jones v. Smith*, 720 F.3d 142, 145 (2d Cir. 2013). *See, e.g.*, Motion Order, *Northup v. Hudson*, No. 13-2687 (2d Cir. Nov. 24, 2014), ECF No. 65. Other circuits have also refunded the accounts of detainees from whom PLRA fees were improperly deducted. *See Fetzer v. Sec'y, Fla. Dep't of Children & Families*, No. 20-11139, 2020 WL 5625172, at \*1 (11th Cir. Aug. 13, 2020); *Davis v. Fuselier*, No. 00-30554, 2001 WL 360709, at \*1 (5th Cir. Mar 15. 2001).