23-7672-cv
*Johnson v. Maximus Servs. LLC*

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 3rd day of June, two thousand twenty-five.

PRESENT:
> EUNICE C. LEE,
> SARAH A. L. MERRIAM,
> MARIA ARAÚJO KAHN,
> *Circuit Judges.*

_____

Jennifer Johnson,

> *Plaintiff-Appellant,*

> v.                                                                  23-7672

Maximus Services LLC,

> *Defendant-Appellee.*

_____

FOR PLAINTIFF-APPELLANT: Jennifer Johnson, *pro se*, East Elmhurst, NY.

FOR DEFENDANT-APPELLEE: Kathryn J. Barry, Jenna Eurell, Jackson Lewis P.C., Melville, NY.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Donnelly, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Jennifer Johnson, proceeding *pro se*, appeals from the district court's September 1, 2023 judgment dismissing, with prejudice, her amended complaint, and its subsequent October 10, 2023 order denying her motion for post-judgment relief, which the district court construed as arising under either Federal Rule of Civil Procedure 59(e) or 60(b).

In May 2022, Johnson commenced this action against her former employer, Maximus Services LLC ("Maximus"), under the Americans with Disabilities Act ("ADA"), alleging that her employment was wrongfully terminated because of a perceived disability based on her refusal to comply with Maximus's COVID-19

testing and vaccination policies, and that Maximus retaliated against her for voicing opposition to those policies. The district court granted Maximus's motion to dismiss, finding that Johnson's complaint was barred by collateral estoppel and otherwise failed to state a claim. *See Johnson v. Maximus Servs. LLC*, No. 22-CV-02935 (AMD) (JRC), 2023 WL 5612826 (E.D.N.Y. Aug. 30, 2023). Judgment was entered on September 1, 2023.

On September 28, 2023, Johnson moved to set aside or vacate the judgment. The district court denied the motion on October 10. *See Johnson v. Maximus Servs. LLC*, No. 22-CV-02935 (AMD) (JRC), 2023 WL 6626157 (E.D.N.Y. Oct. 10, 2023). On October 31, 2023, Johnson filed "a notice of appeal of the Order entered on October 10, 2023," meaning that she "designated" the October 10 order as the order from which she was appealing. Notice of Appeal at 1, *Johnson v. Maximus Servs. LLC*, No. 23-7672 (2d Cir. Nov. 3, 2023), ECF. No. 1. We assume the parties' familiarity with the remaining facts, the procedural history, and the issues on appeal.

## I. Appellate Jurisdiction

Maximus contends that we may only review the order denying the post-judgment motion, and not the underlying judgment, because Johnson's notice of appeal designated only the order denying the post-judgment motion. We

3

disagree.  A notice of appeal generally must be filed within 30 days of entry of judgment, *see* Fed. R. App. P. 4(a)(1)(A), but a timely Rule 59 or 60 motion resets the time to appeal, such that the 30-day period begins to run anew once the Rule 59 or 60 motion is denied.  *See* Fed. R. App. P. 4(a)(4)(A); *Glinka v. Maytag Corp.*, 90 F.3d 72, 74 (2d Cir. 1996) (filing of post-judgment motion causes the deadline to appeal to "commence[] anew on the day that the motion is denied").  Here, the district court entered judgment on September 1, 2023, and Johnson filed her post-judgment motion 27 days later, on September 28.[1]  The district court denied that motion on October 10 and Johnson filed a timely notice of appeal on October 31.

It is true that Johnson's notice of appeal designated only the district court's October 10 order denying the motion to vacate, and not the underlying judgment. But under Federal Rule of Appellate Procedure 3, "a notice of appeal encompasses the final judgment . . . if the notice designates . . . an order described in Rule 4(a)(4)(A)."  Fed. R. App. P. 3(c)(5)(B).  Rule 4(a)(4)(A)'s list of motions includes Rule 59 motions to alter or amend the judgment, and "for relief under Rule 60 if

---

[1] Johnson's motion was docketed on October 3, 2023, but was stamped as received by the district court on September 28, 2023.  *See* Fed. R. Civ. P. 5(d)(2)(A); *Gibson v. City Mun. of N.Y.*, 692 F.3d 198, 201 n.3 (2d Cir. 2012) (per curiam) ("[P]apers are generally deemed filed on the date they are received by a court[.]").

4

the motion is filed within the time allowed for filing a motion under Rule 59." A Rule 59 motion must be filed within 28 days of judgment. *See* Fed. R. Civ. P. 59(b), (e). Accordingly, because Johnson's post-judgment motion was filed within 28 days of the underlying judgment, her notice of appeal designating the denial of that motion encompassed the judgment under Rule 3(c)(5), and we have appellate jurisdiction to review both the underlying judgment and the denial of the post-judgment motion.

## II. Merits

"We review *de novo* a district court's dismissal of a complaint pursuant to Rule 12(b)(6), construing the complaint liberally, accepting all factual allegations in the complaint as true, and drawing all reasonable inferences in the plaintiff's favor." *Mazzei v. The Money Store*, 62 F.4th 88, 92 (2d Cir. 2023) (internal quotation marks omitted). Because Johnson "has been *pro se* throughout, [her] pleadings and other filings are interpreted to raise the strongest claims they suggest." *Sharikov v. Philips Med. Sys. MR, Inc.*, 103 F.4th 159, 166 (2d Cir. 2024).

### a. ADA Discrimination

The ADA prohibits discrimination "against a qualified individual on the basis of disability in regard to . . . discharge of employees, employee compensation

. . . and other terms, conditions, and privileges of employment." 42 U.S.C. § 12112(a). The elements of an ADA claim are: "(1) the employer is subject to the ADA, (2) the employee is disabled or is perceived to be disabled as defined by the ADA, (3) the employee is qualified to perform the essential functions of the job, with or without reasonable accommodations, and (4) the employee suffers an adverse employment action because of h[er] disability." *Sharikov*, 103 F.4th at 166. The ADA protects "not just those employees . . . who have a physical or mental impairment that substantially limits one or more major life activities, but also those who are discriminated against because they have a record of such an impairment or are regarded as having such an impairment." *Id.* at 166-67 (internal quotation marks and citations omitted).

Here, Johnson did not claim that she was disabled, but instead argues that Maximus "regarded" her as having a disability or had created a "record" of a disability. This argument is substantively identical to the claim that this Court rejected in Johnson's prior appeal against Mount Sinai. *See Johnson v. Mount Sinai Hosp. Grp., Inc.*, No. 23-466, 2024 WL 3289475 (2d Cir. July 3, 2024) (summary order). There, we explained that this theory of a perceived disability stemming from noncompliance with an employer's vaccination requirement failed under

6

*Sharikov*, which found that a neutral vaccination mandate that does not single out employees for different treatment does not fulfill either of the ADA's alternative definitions of disability. *See id.* at *1–2 (citing *Sharikov*, 103 F.4th at 167–68). As was the case in *Sharikov*, Johnson has pleaded no facts suggesting that Maximus "regarded" or "recorded" her as having a disability protected under the ADA and, by Johnson's own admission, Maximus's vaccination mandate was neutral and did not single her out for different treatment, as it applied to all employees. *See* Appellant's Br. at 10–11 (stating that Maximus "demanded that all employees take the COVID-19 drug treatment and wear masks, and any employees who did not take the treatment were required to wear masks, and self-administer weekly diagnostic tests"). Accordingly, the district court did not err in dismissing Johnson's ADA discrimination claim.

### b. ADA Retaliation

To state an ADA retaliation claim, an employee "must show that [s]he engaged in a protected activity, that [s]he suffered an adverse employment action, and that a causal connection exists between that protected activity and the adverse employment action." *Fox v. Costco Wholesale Corp.*, 918 F.3d 65, 72–73 (2d Cir. 2019). A plaintiff must plead but-for causation. *Tafolla v. Heilig*, 80 F.4th 111, 125

7

(2d Cir. 2023).

Johnson's claim that Maximus retaliated against her for opposing its COVID-19 policies is also substantively identical to the claim that we rejected in her previous appeal. *See Johnson*, 2024 WL 3289475, at *2 (affirming dismissal of retaliation claim because "[t]he record demonstrates that Johnson's protected activity occurred only after Mount Sinai implemented its COVID-19 employment policies") (citing *Sharikov*, 103 F.4th at 171)). Specifically, because, as alleged, Maximus's vaccine mandate was already in effect when Johnson objected to it, she cannot demonstrate that her objection, rather than her failure to comply with the policy, was a but-for cause of her alleged reduced hours and other adverse employment consequences. Accordingly, the district court properly dismissed Johnson's ADA retaliation claim.

**c. Remaining Claims**

Johnson alleged that Maximus failed to conduct an individualized assessment to determine whether her refusal to comply with Maximus's vaccination policy was a "direct threat" to herself and other employees. App'x at 28. The district court correctly determined that this argument misconstrued an employer's affirmative defense, *i.e.*, that once a plaintiff has established that she

8

has a disability, an employer may avoid liability by establishing that the employee poses a direct threat to the health and safety of other individuals in the workplace. *See* 42 U.S.C. § 12113(a)-(b) ("[A] requirement that an individual shall not pose a direct threat to the health or safety of other individuals in the workplace" may be "a defense to a charge of discrimination"). Since Johnson did not sufficiently allege that she had or was perceived as having a disability under the ADA, Maximus was not obligated to conduct such an individualized assessment.

Further, Johnson alleged that Maximus improperly required non-job-related medical examinations and inquiries. This claim fails because, under the ADA, Johnson was neither disabled nor regarded as having a disability.[2] As such, the district court properly dismissed Johnson's claim.

Finally, Johnson alleged that Maximus violated her rights to medical privacy and confidentiality. Although the ADA requires that employee medical

---

[2] Panels of this Court have repeatedly rejected disability-related examination or inquiry claims due to the appellant's failure to plead a disability, or a "regarded" disability. *See Kosiba v. Cath. Health Sys. Of Long Island, Inc.*, No. 23-6, 2024 WL 3024652, at *1 n.1 (2d Cir. June 17, 2024) (summary order); *Librandi v. Alexion Pharm., Inc.*, No. 23-962, 2024 WL 3872727, at *2 n.1 (2d Cir. Aug. 19, 2024) (summary order); *Apuzza v. NYU Langone Long Island*, No. 24-493, 2025 WL 763425, at *2 (2d Cir. Mar. 11, 2025) (summary order).

information be separately maintained and treated as a confidential record, *see* 42 U.S.C. § 12112(d)(3)–(4); 29 C.F.R. § 1630.14(c), Johnson did not allege specific facts suggesting that Maximus improperly disclosed her medical information. Accordingly, the district court did not err in dismissing these claims.

## III.    Denial of Post-Judgment Motion

The district court concluded that Johnson's post-judgment motion could be construed as either a Rule 59(e) or Rule 60(b) motion.  A Rule 59(e) motion may be granted "only when the movant identifies an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice."  *Metzler Inv. GmbH v. Chipotle Mexican Grill*, 970 F.3d 133, 142 (2d Cir. 2020) (internal quotation marks omitted) (alteration adopted).  Rule 60(b) allows the district court to grant relief from final judgment in certain enumerated circumstances, including mistake, newly discovered evidence, fraud, and others. *See* Fed. R. Civ. P. 60(b)(1)–(6) (setting forth permissible reasons for 60(b) relief). Under either rule, a district court's denial is reviewed for abuse of discretion.  *See Schwartz v. Liberty Mut. Ins. Co.*, 539 F.3d 135, 150 (2d Cir. 2008) (Rule 59(e) motion); *Mandala v. NTT Data, Inc.*, 88 F.4th 353, 359 (2d Cir. 2023) (Rule 60(b) motion).

We perceive no abuse of discretion in the district court's denial of Johnson's

post-judgment motion.  Johnson did not focus on the factors that would justify Rule 59 or 60(b) relief; she instead reiterated prior arguments that the district court had already rejected and challenged the court's invocation of collateral estoppel. But regardless of whether the district court's collateral estoppel analysis was proper, the court properly concluded that Johnson's allegations, in any event, failed to state a claim.

\*   \*   \*

We have considered Johnson's remaining arguments and conclude they are without merit.  Accordingly, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

11