**PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 18-2193
_____

VICTOR MONDELLI,
Appellant

v.

BERKELEY HEIGHTS NURSING AND
REHABILITATION CENTER;
MARINA FERRER; DIANE WILVERDING; JOHN/JANE
DOES 1 THROUGH 5
_____

Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil No. 2-16-cv-01569)
District Judge:  Honorable Esther Salas
_____

(Argued:  May 26, 2021)
_____

Before:  GREENAWAY, JR., SHWARTZ, <u>Circuit Judges</u>,

and ROBRENO, District Judge.*

(Filed: June 15, 2021)

_____

Kenneth J. Rosellini
636A Van Houten Avenue
Clifton, NJ 07013
        Attorney for Appellant


Walter F. Kawalec, III  [Argued]
Marshall Dennehey Warner Coleman & Goggin
15000 Midlantic Drive,
Suite 200, P.O. Box 5429
Mt. Laurel, NJ 08054
        Attorney for Appellees


Michael L. Foreman
Kira Geary  [Argued]
Anna C. Notchick  [Argued]
Pennsylvania State University
Dickinson School of Law
329 Innovation Boulevard
Suite 118
State College, PA 16802
        Court Appointed Amicus Curiae

_____

* The Honorable Eduardo C. Robreno, United States District Judge for the Eastern District of Pennsylvania, sitting by designation.

_____

OPINION

_____

SHWARTZ, Circuit Judge.

Victor Mondelli sued Berkeley Heights Nursing and Rehabilitation Center ("Berkeley Heights") and several of its employees for violating the Americans with Disabilities Act ("ADA") and for intentionally inflicting emotional distress.[1] Mondelli failed to cooperate with his counsel to provide discovery, so the District Court dismissed his complaint for failure to prosecute. Because there was verifiable evidence that placed Mondelli's competency at issue, the Court prematurely dismissed his case. We will therefore vacate the dismissal order and remand for the Court to examine his competency, as required by Federal Rule of Civil Procedure 17, and to then reevaluate whether dismissal is warranted.

I

Mondelli has a long history of mental health issues, including suffering from paranoid schizophrenia and major depression. Despite these conditions, he attempted to attend to

---

[1] The individual Defendants are: (1) Marina Ferrer, Administrator of Berkeley Heights; (2) Diane Wilverding, the Director of Recreation; (3) Mary Chmura, a former employee; (4) Leanne Fiet, a consultant and compliance advisor; (5) Pamela McCarthy, an employee; (6) Virginia Doe, an employee; and (7) John/Jane Does one through five, other persons responsible for Mondelli's mother's care.

the needs of his mother while she resided at Berkeley Heights. During his daily twelve-hour visits, Mondelli allegedly observed the staff provide his mother with inadequate care. Mondelli regularly complained to Berkeley Heights staff, the New Jersey Board of Health, and the Office of the Ombudsman for the Institutionalized Elderly. After several contentious visits, including ones when both sides called the police, Mondelli's visits were limited to one to two hours per day in the lobby. Mondelli's mother passed away in 2015.

Mondelli thereafter filed a complaint alleging violations of Title II of the ADA and for intentional infliction of emotional distress. After Defendants filed their answer, the Magistrate Judge set a schedule for Federal Rule of Civil Procedure 26 disclosures, service of interrogatories, and completion of discovery. Defendants thereafter sent Mondelli interrogatories and requests for admission. Mondelli did not produce his Rule 26 disclosures or discovery responses. The Magistrate Judge then provided Mondelli with several deadline extensions, all of which he missed.

In response to Defendants' request to file dispositive motions based upon Mondelli's noncompliance, the Magistrate Judge issued an order directing Mondelli to show cause why he should not be sanctioned for his failure to produce discovery. Mondelli responded with a certification, in which he explained, among other things, that he (1) suffers from a variety of physical and mental health conditions; (2) was found incompetent to stand trial in the Municipal Court of Fanwood, New Jersey; and (3) has been unable to properly communicate with his lawyer. Mondelli also presented several exhibits, including letters from physicians and a psychiatrist stating he suffers from major depression and schizophrenia, which causes

4

him stress and anxiety that has made it difficult for him to attend school, work, and court proceedings. Based upon the certification and accompanying exhibits, Mondelli asked the Magistrate Judge to place his case on administrative hold.

The Magistrate Judge granted his request, and the case was administratively terminated for 180 days, after which the case would be dismissed with prejudice if Mondelli did not seek to reopen the case. Mondelli thereafter moved to reopen or extend the time to do so. In his supporting certification, Mondelli again discussed his poor physical and mental health. Defendants opposed the motion, arguing that the six factors from Poulis v. State Farm Fire & Casualty Co., 747 F.2d 863 (3d Cir. 1984),[2] required dismissal for failure to prosecute.

The District Court thereafter denied Mondelli's motion to reopen and, weighing the Poulis factors, dismissed his complaint with prejudice. Specifically, the Court: (1) found that Mondelli was personally responsible for his failure to prosecute; (2) concluded that Defendants were prejudiced by his failure to prosecute; (3) observed that Mondelli had a history of dilatoriness; (4) refused to find that Mondelli or his counsel were acting willfully or in bad faith; (5) determined

---

[2] These factors are: "(1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense." Poulis, 747 F.2d at 868 (emphasis omitted).

5

that no sanction other than dismissal would be effective or appropriate; and (6) held that Mondelli's ADA claim lacked merit but declined to opine that his intentional infliction of emotional distress claim was meritless. In reaching these conclusions, the Court acknowledged Mondelli's counsel's assertions concerning a municipal judge's finding that Mondelli was incompetent and counsel's statements that Mondelli was not fit to represent himself, but the Court stated that there was no documentary support for these assertions.

Mondelli appealed and we appointed amicus counsel to address: (1) "whether the District Court erred in dismissing Mondelli's action for failure to prosecute without first inquiring into Mondelli's competency"; and (2) "whether the District Court properly considered and balanced the [Poulis] factors . . . before dismissing Mondelli's complaint." Order, ECF No. 77.

II[3]

The Court has a duty to ensure that incompetent persons are properly represented. To this end, we must determine whether Rule 17 requires a district court to inquire into a plaintiff's competency before dismissing his complaint for failure to prosecute. Rule 17 provides that "an incompetent person who does not have a duly appointed representative may sue by a next friend or by a guardian ad litem. The court must

---

[3] The District Court had jurisdiction under 28 U.S.C. § 1331, and we have jurisdiction under 28 U.S.C. § 1291. When a district court dismisses a case for a failure to prosecute under Federal Rule of Civil Procedure 41(b), we review for abuse of discretion. Briscoe v. Klaus, 538 F.3d 252, 257 (3d Cir. 2008).

6

appoint a guardian ad litem—or issue another appropriate order—to protect [an] incompetent person who is unrepresented in an action." Fed. R. Civ. P. 17(c)(2). Rule 17 sets forth examples of representatives who may sue or defend on behalf of an incompetent person, such as a general guardian, a committee, a conservator, or a like fiduciary. Fed. R. Civ. P. 17(c)(1).

A court's obligation under Rule 17 to appoint a guardian for an incompetent person is mandatory. Powell v. Symons, 680 F.3d 301, 303 (3d Cir. 2012). A district court must invoke Rule 17 sua sponte and consider whether to appoint a representative for an incompetent person when there is "verifiable evidence of incompetence."[4] Id. at 307. Verifiable evidence of incompetence includes (1) "evidence from an appropriate court of record or a relevant public agency indicating that the party had been adjudicated incompetent," or (2) "evidence from a mental health professional demonstrating that the party is being or has been treated for mental illness of the type that would render him or her legally incompetent." Id. (quoting Ferrelli v. River Manor Health Care Ctr., 323 F.3d 196, 201 (2d Cir. 2003)). Therefore, anecdotal information or layperson opinions do not constitute verifiable evidence.

---

[4] "[B]izarre behavior alone, even if such behavior may suggest mental incapacity[,]" does not trigger a Rule 17 inquiry because "[t]he federal courts are flooded with pro se litigants with fanciful notions of their rights and deprivations." Powell, 680 F.3d at 307; see also Ferrelli v. River Manor Health Care Ctr., 323 F.3d 196, 202 (2d Cir. 2003) (holding that Rule 17 is not triggered "simply because the litigant asserts her own incompetence or displays apparent signs of mental incapacity").

Here, there was verifiable evidence of Mondelli's potential incompetence to trigger a Rule 17 inquiry. When Mondelli's counsel appeared before the Magistrate Judge, he presented letters from several doctors, including a psychiatrist, who opined that Mondelli suffers from "a major psychiatric condition," J.A. 91; is "unable to attend court" as a result, J.A. 92; has been diagnosed with paranoid schizophrenia that causes "psychotic symptoms," J.A. 94-98; has been diagnosed with major depression; and is "totally and permanently disabled due to his illness," J.A. 98. These letters from "mental health professional[s]," notifying the Court that Mondelli "is being or has been treated for mental illness of the type that would render him . . . legally incompetent," were sufficient to trigger a sua sponte inquiry under Rule 17. Powell, 680 F.3d at 307 (quoting Ferrelli, 323 F.3d at 201); see also Allen v. Calderon, 408 F.3d 1150, 1153 (9th Cir. 2005) (holding that letters from the pro se plaintiff, his friend, and his prison psychiatrist, which noted that the plaintiff suffers from chronic undifferentiated schizophrenia, were "sufficient evidence of incompetence at least to require the district court to make a competency determination" under Rule 17). Based on this verifiable evidence of Mondelli's potential incompetence, a Rule 17 inquiry was required.[5]

---

[5] Although the evidence was presented during proceedings before the Magistrate Judge and not to the District Court Judge, the evidence was placed on the docket and hence is part of the District Court's record. In addition, Mondelli's counsel informed the District Court that Mondelli's May 19 Certification in response to the order to show cause "include[d] documentation of his medical history[.]" J.A. 17.

Contrary to Defendants' arguments, Rule 17's obligation is not limited to pro se litigants.[6] Rule 17(c)(2) states in relevant part: "The court must appoint a guardian ad litem—or issue another appropriate order—to protect a minor or incompetent person who is unrepresented in an action." Fed. R. Civ. P.17(c)(2). When read in the context of Rule 17(c)(1), which provides examples of acceptable "representatives," it becomes clear that the phrase "unrepresented in an action" under Rule 17 does not refer to whether the party has counsel. Rather, whether an incompetent person is "unrepresented in an action" refers to whether that person has a Rule 17-type representative. As the Court of Appeals for the Second Circuit has stated, Rule 17(c) mandates "that when an 'incompetent person' is not represented by a full-time guardian, the court 'shall appoint a guardian ad litem for [that person] . . . or shall make such other order as it deems proper' to protect the incompetent's interests." Ferrelli, 323 F.3d at 201 (alteration in original) (quoting Fed. R. Civ. P. 17(c)(2)). The Ferrelli court focused on whether the person was "represented by a full-time guardian," and not whether the person was represented by counsel. See id.

Our Court has also considered a court's Rule 17 obligation where the person has counsel. In Gardner ex rel. Gardner v. Parson, the grandmother of a mentally impaired teenager initiated an action on behalf of herself and as next friend to her granddaughter. 874 F.2d 131, 134-36 (3d Cir. 1989). For reasons not relevant here, we agreed with the district court that neither the granddaughter's court-appointed special advocate nor her grandmother could serve as her next

---

[6] The plaintiffs in Powell, 680 F.3d at 303, and Ferrelli, 323 F.3d at 198, were both pro se.

9

friend.  Id. at 137-39.  This ruling left the incompetent granddaughter unrepresented for Rule 17 purposes.  Even though she had counsel, we held that the district court should have nonetheless appointed a new next friend to represent her interests.  Id. at 140 n.14.  We so ruled because a person's legal interest in a case may be different from what is in the person's overall best interest.  Moreover, one who lacks capacity to make decisions for himself needs someone to do so for him.  For these reasons, while

> [i]t may be possible for the court to appoint counsel as a representative for a minor [or incompetent person,] . . . the appointment of counsel as a representative is not always prudent. [In fact,] [o]ne commentator has noted that this is generally inadvisable, because a lawyer who acts in both capacities may sometimes fail to distinguish between the two roles.[7]

---

[7] Mondelli's counsel recognized that a lawyer and a representative serve different roles, and that it may not be advisable for a lawyer to play both roles simultaneously.  To this end, Mondelli's counsel asked the District Court to appoint a power of attorney to make decisions for Mondelli in this case.  Counsel explained that he was uncomfortable producing Rule 26 disclosures without approval from either Mondelli or an appointed representative.  The Court acknowledged the "untenable position" that counsel faced in his attempt to balance his obligations to both his client and to the Court.  J.A. 14.  Other district courts have made similar observations.  See Bacon v. Mandell, No. 10-cv-5506, 2012 WL 4105088, at *14 (D.N.J. Sept. 14, 2012) ("[A] Rule 17(c) appointment of a single representative who is a legal counsel could yield a

Id. Thus, even though a person may have legal counsel, that person's other interests may remain unrepresented and "otherwise unprotected." Id. at 141. Until a court satisfies itself that those interests are protected, it lacks the authority to reach the merits of the case. Id. In sum, a district court presented with verifiable evidence of incompetence may abuse its discretion under Rule 17(c) if it fails to appoint a next friend or guardian ad litem to represent an incompetent person, even when he or she is represented by counsel.[8]

scenario where such representative, being obligated to effectively wear 'two hats' by acting as both a guardian ad litem and pro bono counsel, might find himself/herself caught in a limbo, being [] unable to continue wearing both these hats[.]"); see also Wright v. Wenerowicz, No. 2:14-cv-00245, 2018 WL 1081982, at *3 (E.D. Pa. Feb. 28, 2018) (finding "appointing a guardian ad litem to represent [the plaintiff's] interests in conjunction with [his attorney] to be a more suitable course of action than simply appointing a new attorney").

[8] Sometimes, however, the appointment of counsel may be sufficient. See Powell, 680 F.3d at 308-09 ("Therefore, we will reverse and remand with directions to the District Court to appoint a representative or counsel to proceed with the case."). If a district court concludes that counsel can sufficiently protect the interests of his incompetent client under Rule 17, then the court should make such a finding. See Krain v. Smallwood, 880 F.2d 1119, 1121 (9th Cir. 1989) (noting that a district court should hold a Rule 17 competency hearing and "may find that

Because Mondelli presented verifiable evidence concerning his potential incompetency, the District Court should have conducted an inquiry into his competency regardless of whether he had legal counsel. Relatedly, because Mondelli's competence may impact the findings concerning his personal responsibility for disregarding his discovery obligations and whether he did so willfully or in bad faith,[9] the Court prematurely determined that the Poulis factors supported dismissal.[10]

---

the incompetent person's interests would be adequately protected by the appointment of a lawyer"). Such a counsel, however, must be capable of representing all of the person's interests, not just his legal interests in the particular case. Because the District Court did not conduct a Rule 17 inquiry, it made no finding as to either whether counsel could protect all of Mondelli's interests or about the scope of counsel's authority.

[9] For example, while Mondelli is literally responsible for the delay (i.e., he caused the delay) and has a history of dilatoriness, his diagnosis may preclude the Court from holding that he is legally culpable for the delay. Similarly, if he is deemed incompetent, then it may be inappropriate to construe his actions as willful or in bad faith. On the other hand, as Amicus agrees, if Mondelli is deemed to be competent, then the Poulis factors "would likely weigh against" him. Amicus Reply Br. at 11 n.3.

[10] Although there may be reason to doubt the merits of Mondelli's claims, this fact does not impact a court's Rule 17 obligation. Rule 17 protects the interests of incompetent persons. Thus, when a person is deemed incompetent, the case pauses until steps are taken to protect his interests, and "a court may not weigh the merits of claims beyond the § 1915A or §

12

## III

For the foregoing reasons, we will vacate the dismissal order and remand for further proceedings.

---

1915(e)(2) screening if applicable" until his competency is addressed.  <u>Powell</u>, 680 F.3d at 307.