**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 23-2630
_____

JOSEPH ARUANNO,
                                        Appellant

v.

INTERNAL REVENUE SERVICE
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 2:23-cv-00786)
District Judge:  Honorable Evelyn Padin
_____

Submitted for Possible Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
January 18, 2024
Before:  KRAUSE, FREEMAN, and SCIRICA, Circuit Judges

(Opinion filed: February 20, 2024)
_____

OPINION[*]
_____

PER CURIAM

Joseph Aruanno is a frequent pro se litigant who, since 2005, has been civilly

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

committed in New Jersey under the New Jersey Sexually Violent Predator Act ("SVPA"). In 2022, he sought to file an in forma pauperis ("IFP") complaint against the IRS and the New Jersey Department of Corrections in the United States District Court for the Northern District of California ("the Northern District Court"). He cited Scholl v. Mnuchin, N.D. Cal. Civ. No. 20-cv-05309, in which the Northern District Court had granted a preliminary injunction to enjoin the Department of the Treasury and its Secretary, the IRS and its Commissioner, and the United States from excluding incarcerated persons from receiving economic impact payments ("stimulus checks") under the Coronavirus Aid, Relief, and Economic Security Act. See Scholl v. Mnuchin, 494 F. Supp. 3d 661 (N.D. Cal. 2020). He sought to bring to the court's attention that some prisons, including the facility where he was detained, were keeping the stimulus checks instead of giving them to the incarcerated persons, in his case on the basis of the belief that he owed the facility money. He asked, inter alia, that the facility be directed to return the funds to the IRS and that the IRS be directed not to mail any funds to him at the facility.

Before ruling on Aruanno's IFP motion, the Northern District Court transferred his case to the United States District Court for the District of New Jersey ("the District Court"), explaining that venue was proper there because Aruanno's claim "involves entirely different defendants located in the District of New Jersey." ECF No. 4 at 2 (also citing 28 U.S.C. § 1406(a)). To the extent that Aruanno had been seeking to join his case to Scholl, his request was denied.

Upon the transfer, the District Court directed Aruanno to show cause why it

2

should not deny his IFP application given his history of abusive litigation.[1]  In response,

Aruanno stated, as preliminary matter, that a legal guardian had to be appointed for him

before the case could proceed.  He also asked that his case be transferred back to

Northern District of California, arguing that it belonged there, where the lead plaintiff in

Scholl had been granted IFP status and the IRS is the "lead defendant" in his case.  ECF

No. 7 at 3.  And he stated that he is innocent and subject to an invalid civil commitment

order, which has exposed him to much harm (including, most recently, the theft of his

stimulus checks) for which he has sought relief by filing legal actions.  The District Court

denied Aruanno's IFP application as well as his requests for a guardian ad litem and a

transfer.  Aruanno appeals.[2]

       We have jurisdiction under 28 U.S.C. § 1291 to review the order denying

Aruanno's IFP motion.  See Deutsch v. United States, 67 F.3d 1080, 1083 (3d Cir. 1995)

(concluding that such an order is "in essence final" for purposes of § 1291).  And,

because the District Court entered a final judgment, "[w]e have the power to review [its]

---

[1] The District Court noted the "three strikes" provision of the Prison Litigation Reform
Act, 28 U.S.C. § 1915(g).  Under that provision, prisoners who have had three or more
actions dismissed as frivolous or malicious or for failure to state a claim may not proceed
IFP unless they show that they are "under imminent danger of serious physical injury."
Id.  However, the District Court did not apply the statute to Aruanno after concluding that
Aruanno "is not a prisoner within the meaning of § 1915(g)."  ECF No. 8 at 5.  See also,
e.g., Jones v. Cuomo, 2 F.4th 22, 26 (2d Cir. 2021) (collecting cases that hold that civilly
committed sexual offenders are not "prisoners" under this definition), cert. denied, 142 S.
Ct. 1141 (2022).

[2] We previously granted Aruanno's application to proceed IFP on appeal.  At that time,
we notified him that his case would be considered for possible summary action.  We may
take summary action if no substantial issue is presented on appeal.  See 3d Cir. L.A.R.
27.4; 3d Cir. I.O.P. 10.6.

transfer order," In re McGraw-Hill Glob. Educ. Holdings LLC, 909 F.3d 48, 55 (3d Cir. 2018), and its order denying the appointment of a guardian ad litem, see generally In re Pressman-Gutman Co., Inc., 459 F.3d 383, 397-98 & n.12 (3d Cir. 2006).

First, we review the District Court's transfer decision for abuse of discretion. See Jumara v. State Farm Ins., 55 F.3d 873, 878 (3d Cir. 1995). We recognize, as Aruanno pointed out to the District Court, that the Northern District Court made a mistake in concluding that Aruanno's complaint related to "entirely different defendants" than those involved in Scholl. The IRS is a defendant in both actions. However, Aruanno also sued the New Jersey Department of Corrections and, as the District Court noted, included allegations about how his stimulus checks were redirected by that defendant to pay down debts to it that he claims that he did not owe. Given that those claims are distinct from what is at issue in Scholl and related to the actions of a defendant in the District of New Jersey (where Aruanno is being held), we cannot say that Aruanno's case belonged in the Northern District of California instead of in the District Court. See generally Coffey v. Van Dorn Iron Works, 796 F.2d 217, 219–20 (7th Cir. 1986) (discussing how a district judge must consider the statutory factors in light of all the circumstances of the case" in the context of a transfer under 28 U.S.C. § 1404(a)); see also Van Dusen v. Barrack, 376 U.S. 612, 622-24 & n.11 (1964) (interpreting § 1404(a) but also describing "analogous provisions of §1406(a), which shares the same statutory context" with § 1404(a)). We conclude that the District Court did not abuse its discretion in denying Aruanno's request to transfer the case back to the Northern District of California.

4

We next review the denial of the request for appointment of a guardian ad litem for abuse of discretion, see Ferrelli v. River Manor Health Care Ctr., 323 F.3d 196, 200 (2d Cir. 2003), and discern none. Pursuant to Rule 17(c)(2) of the Federal Rules of Civil Procedure, a district court must issue an appropriate order to protect an unrepresented incompetent person in an action. See Powell v. Symons, 680 F.3d 301, 303 (3d Cir. 2012). However, a district court has no obligation to determine whether a litigant is incompetent or issue any appropriate order under Rule 17(c)(2) in the absence of verifiable evidence of incompetence. Id. Aruanno cited his civil commitment as such evidence, but the commitment is based on a finding that he "suffers from a mental abnormality or personality disorder that makes him highly likely to commit a sexually violent offense," see In re Civ. Commitment of R.F., 85 A.3d 979, 981 (N.J. 2014) (describing the standard under the SVPA); see also Aruanno v. Hayman, 384 F. App'x 144, 148-50 (3d Cir. 2010) (considering the nature of Aruanno's commitment under the SVPA), not that he is legally incompetent. And any opinion that he holds about his own competence (or lack thereof) is not verifiable evidence. See Mondelli v. Berkeley Heights Nursing & Rehab. Ctr., 1 F.4th 145, 149 (3d Cir. 2021). So, the District Court reasonably concluded that no action was required under Rule 17(c)(2).

Finally, we review the District Court's decision to deny Aruanno IFP status for abuse of discretion. See Sinwell v. Shapp, 536 F.2d 15, 19 (3d Cir. 1976). As in Aruanno v. Davis, 679 F. App'x 213 (3d Cir. 2017), in which Aruanno challenged a similar ruling, we find it useful to consider the criteria for evaluating whether a district court has justifiably imposed a filing injunction against an abusive litigant. See Butler v.

5

Department of Justice, 492 F.3d 440, 443, 445-46 (D.C. Cir. 2007). Before imposing such an injunction, a district court in our circuit must: (1) ensure that there are "exigent circumstances, such as a litigant's continuous abuse of the judicial process by filing meritless and repetitive actions," (2) allow the litigant "to show cause why the proposed injunctive relief should not issue," and (3) "narrowly tailor[]" the injunctive order "to fit the particular circumstances of the case before the District Court." Brow v. Farrelly, 994 F.2d 1027, 1038 (3d Cir. 1993).

Upon consideration of those factors, we cannot say that the District Court abused its discretion. The District Court relied on Aruanno's history of abusive filings, which we previously had discussed. See Aruanno, 679 F. App'x at 215-16 (describing as reasonable a finding that Aruanno has such a history while repeating the District Court's description of Aruanno's over 39 civil actions and over 45 appeals).[3] Second, the District Court gave Aruanno an opportunity to show cause why he should not be denied the privilege of proceeding IFP.[4] And the Court did not rule until it had considered Aruanno's response, which was insufficient to justify his litigation history even if wrongs

---

[3] The District Court noted that Aruanno has filed at least three more civil actions since then, and we note that he has continued to appeal, as well. But we cannot say that his more recent filings have contributed to history of abusive filings. In fact, we granted Aruanno relief in two of his more recent appeals (in C.A. No. 18-1306, relating to a claim of excessive force in detention, and in C.A. No. 23-2226, relating to a challenge to his detention).

[4] And, at that time, the District Court reasonably concluded that Aruanno, whose claims relate to a financial dispute, would not be in imminent danger of serious physical injury if he could not proceed IFP. Cf. 28 U.S.C. § 1915(g).

or perceived wrongs could explain some of it.  And the District Court's order (limited to one complaint and one IFP application) was sufficiently narrowly tailored.  Accordingly, under the circumstances of this case, we conclude that the District Court did not abuse its discretion in denying IFP.

For these reasons, and because no substantial issue is presented on appeal, we will summarily affirm the District Court's judgment.  See 3d Cir. L.A.R. 27.4; 3d Cir. I.O.P. 10.6.